Wheeler, J.
The grounds relied on for a reversal of the judgment relate to the ruling of the court:
1st. In permitting (.he clerk to amend by changing the date of the writ and of the filing of the petition.
2d. In permitting the plaintiff to enter a nolle prosequi as to the defendant Broocks, and proceed to judgment against the other defendants.
3d. In refusing to dismiss the case for the want of jurisdiction.
1. The power to grant, amendments, when not forbidden by law, is a discretionary power in the court the exercise of which an appellate court will not, in general revise. (5 Cr. R., 15; 9 Wheat. R., 576; 3 Pet. R., 12; 1 Binn. R., 359; 5 Whart. R., 67; 3 How. Miss. R., 105; 2 Scam. R., 375; 12 N. Hamp. R., 493; 5 Ired. R., 9; Cartwright v. Chabert, 3 Tex. R., 261.) Amendments are almost universally allowed where they do not surprise, hinder, or delay the opposite party. (3 Hill S. C. R., 195.) Such, it is conceived, is the amendment in question. There can be no pretense to say that it operated as a surprise, hinderanee, or delay to (he defendants. It was, we think, of the class of mere clerical errors which we have heretofore held are amendable at any time. (Burdett et al. v. Marshall, 3 Tex. R., 24.)
Nor are precedents wanting of cases in which amendments of the precise character of the present have been allowed. In the case of Bragg v. Greenleaf (2 Shep. R., 95) an amendment of a writ by altering the date to a subsequent day was allowed on affidavit that it was actually made on such subsequent day, where it appeared from the date that the writ was made before the cause of action accrued. In Harness v. McCormick (5 Pike R., 663) it was held that the date of a writ may be amended. The teste of a writ, it is held, is mere matter of form, and is amendable. (3 Shep. R., 431.)
There was, we think, no error in permitting the amendment in question.
2. Did the court err in proceeding to judgment after the nolle prosequi as to the defendant Broocks?
It is said by Mr. Chitty (1 Chit. Pl., 50) that “at law as well as in equity the courts will not take cognizance of the distinct and separate claims or liabilities of different persons in one suit, though standing in the same relative situations. And therefore, in actions ex contractu against several, it must appear on the pleadings that their contract was joint, and that fact must also be proved on trial. If too many persons be made defendants and the objection appear on the pleadings, either of the defendants may demur, move in arrest of judgment, or support a writ of error. And even if the objection do not appear upon the pleadings, the plaintiff may he nonsuited upon the trial if he fail in proving a joint contract; * * * and though a contract he proved to have been iu fact made by all the defendants, j'et if in point of law it was not obligatory upon one of the defendants, either on the ground of infancy or coverture at the time it was entered into, the plaintiff will be nonsuited; and in this instance he cannot avoid the objection by entering a nolle prosequi as to the infant or feme covert, but must discontinue and commence a fresh action omitting such parties.”
*68 The accuracy of these general rules, as deducible from the English decisions, may be admitted; but they are to be understood, it is conceived, with certain qualifications, and they have not been considered, especially by the American courts, binding as matter of principle, but rather as matter of practice to be governed by considerations of convenience and policy.
In the case of Minor et al. v. The Mechanics’ Bank of Alexandria (1 Pet. R., 46) the authorities upon this subject, both English and American, are reviewed in an elaborate opinion by Mr. Justice Story; and various qualifications of the rule as stated in the text of Mr. Chitty, above cited, are shown to exist even in the English decisions; as where the defendants sever in their pleas and one defendant pleads some plea which goes only to his personal discharge, as bankruptcy, ne ungues executor, and the like, the plaintiff may enter a nolle prosequi as to him, and proceed against the others. (1 Saund. R., 207, n. 2.)
After citing the authority of Sergeant Williams from the note in 2 Saunders, for this proposition, Mr. Justice Story says: “The only question is whether there is any such qualification upon it as that the plea should be one going exclusively in personal discharge, and not to the merits.” And his examination and reasoning upon the English cases go strongly to question the existence of the qualification, if not wholly to deny it, where the contract is several as well as joint. (1 Pet. R., 76, 78.)
But the American cases, according to Judge Story, have gone a step further, (Id., 78.) And he cites Hartness v. Thompson (5 Johns., R., 160) and Woodward v. Marshall, (1 Pick. R., 500.) In the former case, where an action was brought against three upon a joint and several promissory note, and there was a joint plea of non-assumpsit and the infancy of one of the defendants set up at the trial, it was held no ground for a nonsuit; but the plaintiff, upon a verdict found in his favor against the other two defendants, might enter a nolle prosequi as to the infant, and take judgment upon the verdict against the others. In the latter case, upon a joint contract and suit against two persons, one of whom pleaded infancy, it was held that a nolle prosequi might be entered as to the infant, and the suit be prosecuted against the other defendant.
Upon these cases Mr. Justice Story observes that the plea went not only in personal discharge, but proceeded upon a matter which established an original defect in the joint contract. Indeed, the court, he adds, seem to have considered the question rather as a matter of practice to be decided upon convenience and policy than as a matter of principle. He proceeds to consider the question whether it is material that the nolle prosequi in that case was entered after instead of before judgment, and concludes that there is no good reason why it may not be done after as well as before judgment, “ when there has been no proceeding which binds the plaintiff to consummate a judgment against the party whom he wishes to dismiss.”
The case in which this opinion of the Supreme Court was pronounced by Mr. Justice Story was an action on a joint and several bond. Some of the parties sureties severed in their pleadings from the principal, and a trial and verdict were, held against them. Afterwards the principal was called upon to plead, and did so. Judgment was then entered against the sureties, and a nolle prosequi was entered as to the principal. To this judgment or the proceedings no exception was taken in the court below, nor was a new trial asked by the sureties. The court held that there was no decision exactly in point to the case; that there is no distinction between the entry of a nolle prosequi before and the entry after judgment, as applicable to such a case; that where the defendants sever in their pleadings a nolle prosequi ought to be allowed against one defendant; and that it is a practice which violates no rules of pleading, and will generally subserve the public convenience. And they affirmed the judgment. (See 3 Iredell, 249, and 8 Miss., 159.)
This and the other American cases cited go very far to dispense with the rule extracted from the text of Mr. Chitty. They show that where the con *69 tract sued on is several as well as joint, or where the defendants sever in their pleas, courts administering the common law, and whose decisions are entitled to the highest respect, have maintained the right of the plaintiff to enter a nolle prosequi as to one defendant whether before or after judgment, without affecting his right to recover, or the validity of his judgment as against the other defendants.
We are unable to perceive in these decisions anything inconsistent with principle, and in their departure from the arbitrary rule and useless distinctions of some of the English cases there can be no doubt that they tend to advance the ends of substantial justice. We are unable to perceive any adequate reason why, in our proceedings, it should make any real difference whether the defendants join or sever in their answer; or why, upon the reasons and principle upon which the cases cited have proceeded in departing from the English rule, we may not hold that in every ease where a defendant need not have been joined, or where, for any cause, it may be desirable to dismiss one of several defendants, and the liability of the defendants is such that an action can be maintained against against the others without joining him. the plaintiff may enter a nolle prosequi as to such defendant and have his judgment against the other defendants.
We see no other injury or injustice, or even inconvenience which can possibly arise from such a rule, and its adoption will,, we think, subserve the public convenience and the ends of substantial justice. An adherence to the strict technical rules of practice of the English decisions upon this subject can sub-serve no other purpose here than in many instances by a mere arbitrary technicality to defeat the substantial and manifest right and justice of the case. And we think with the Supreme Court of the United States in the case cited that as “the authorities, and particularly the American, proceed upon the ground that the question is matter of practice, to be decided upon considerations of policy and convenience rather than matter of absolute principle, this court is left at full liberty to entertain such a decision as its own notions of general convenience and legal analogies would lead it to adopt.” And that “in the administration of justice matter of form, not absolutely subject to authority, may well yield to the substantial purposes of justice.”
We might have rested the decision on this question upon the proposition that the English rule, as above stated, respecting the misjoinder of parties.defendant, applies, in general, to actions in form ex contractu, and that in actions in form ex delicto, as to trespass, trover, or cases for malfeasance, it does not apply. (1 Chit Pl., 50, 99, 100.) But we have deemed it unnecessary to resort to this distinction between actions upon contracts and actions for torts to maintain the authority exercised by the court in this instance. Besides, the rule that for torts committed jointly the plaintiff has his election to sue all or some of the parties jointly, or one of them separately, applies only in actions for torts strictly unconnected with contract, and not to those cases where an action on the case is brought merely for the non-feasance of a contract.; and in order to support the action a contract must be proved, and is the basis of the action. (12 East R., 454; Chit. Pl., 99.) And though it has been held that this rule does not apply in actions framed in cases against carriers under circumstances like the present, yet as the decisions upon this point are not entirely uniform, and have depended, in some measure, upon the form of the action, and as it seems to us unnecessary to adopt this distinction in our practice, as well for the other reasons we have stated, we have deemed it proper not to rest upon it the decision of the present question.
The defendant Broocks was improperly joined as a defendant. He was not liable to be jointly sued with the defendants Austin and Clapp; nor indeed does there appear to have been any act done by him which could have rendered him liable to ail action by the plaintiff. The nolle prosequi as to him was therefore proper, and there was no error in permitting the plaintiff to proceed to judgment against the other defendants.
3. The remaining objection to the judgment, based upon the supposed want *70 of jurisdiction in the District Court, is sufficiently answered by the decision of this court in tho case of Tarbox et al. v. Kennon, (3 Tex. R., 7.) We are of opinion that there is no error in the judgment, and that it be affirmed.
Note 18. — Informality or mistake in a sheriff’s return may be corrected at any time under the direction of tho court even after tho return has been quashed at tho same term, beeauso of the informality or mistake. (Porter v. Miller, 7 T., 468.) The omission by the clerk of the attestation clause of the citation may be cured by amendment after motion to quash. (Andrews v. Ennis, 16 T., 45.)
Note 10. — Dean v. Duffield, 8 T., 235; Horton v. Wheeler, 17 T., 52; Cook v. Phillips, 18 T., 31; While v. Leavitt, 2U T., 703; Payno v. Bentley, 2L T., 452; Shipman v. Allec, 20 T., 17.
Note 20. — Graham v. Roder,-post, 141; Ellett o. Powers, 8 T., 113; Bridge v. Ballew, 11 T., 260; Gouhenant v. Anderson, 20 T., 459.
Judgment affirmed.