ALEXANDER HORTON AND OTHERS v. OTIS M. WHEELER AND ANOTHER.

All exceptions which are merely dilatory are regarded by the law with disfavor, and the omission to urge them at once and at the first opportunity will deprive the party of the right to be heard to urge them, unless it be, where, to deny the right, would be to sanction an obvious violation of law, (1 Tex. R. 225,) or where the objection brings in question the jurisdiction of the Court to proceed to a decision on the merits.

A motion to dismiss a writ of error on the ground of defect in the description of the judgment in the petition for the writ of error, is a dilatory objection which must be taken at the first opportunity.

This Court is disinclined to go further than an adherence to former decisions requires, in sustaining motions to dismiss writs of error on the ground of defect in the description of the judgment in the petition for the writ of error.

It is a sufficient answer to the motion to dismiss the writ of error in this case, on account of defect in the description of the judgment in the petition for the writ of error, that the objection was not taken in the first instance, nor until a motion to dismiss for other causes had been overruled ; and that, to entertain it at the time, would have the effect to defeat, finally, the right of the plaintiffs in error to have a revision of the judgment.

Where several are sued upon a joint and several promissory note, and all are served and answer jointly, (except one in this case) the plaintiff may discontinue as to one and proceed to judgment against the others ; provided that no right of the other defendants be impaired, and that they be not placed in a worse condition than that which they would have occupied, if the defendant, who is dismissed from the suit, had been omitted in bringing the suit : as where the discontinuance as to one of two defendants, liable to be sued in different counties, would have the effect to leave the other defendant liable to a recovery against him singly in a county other than that of his residence.

Error from San Augustine. Tried below before the Hon. A. W. O. Hicks.

Suit by Otis M. Wheeler and another against Alexander Horton, Reuben D. Wood, Robert W. Martin, Donal McDonald and Burwell J. Thompson, on their joint and several prom-

issory note. All the defendants were residents of San August-
ine County ; were served and answered ; Alexander Horton
separately, the other defendants jointly. When the case was
called for trial, the plaintiff dismissed as to Reuben D. Wood,
whereupon the other defendants moved that the suit be dis-
missed as to them, because of the dismissal as to Wood ; mo-
tion overruled—judgment for plaintiffs.

The defendants against whom the judgment was rendered
filed their petition for writ of error, in which, after stating the
style and number of the cause, described the judgment thus :
" a final judgment was entered against them at the Fall Term
" of the District Court of San Augustine County, to wit : on
" the 21st day of October, 1853." The bond, in addition to
such description, stated the amount of the judgment. The ci-
tations contained same description as the petition.

The transcript on. error was filed at the Spring Session,
1855 ; the motion to dismiss the writ of error for defective
description of the judgment in the petition for writ of error,
was not filed until the Spring Session, 1856. A motion had
been filed at the Spring Session, 1855, to dismiss for other
causes.

*O. M. Roberts,* for plaintiffs in error. When the plaintiff
elects to sue jointly defendants on a joint and several note, he
thereby makes the contract joint. A release to one joint con-
tractor is a discharge of all. Our Statute makes a provision
for discontinuance when one party is not served, and provides
that his liability shall continue. This rule has been further
extended by our decisions, to cases where the party discharged
was a necessary party, and to cases of partners, where the
party discharged was not served and lived beyond the State,
and to one who had showed himself not properly joined by an
admitted plea of *non est factum.* (Cole v. Robinson, 6 Tex. R.
369; Austin v. Jordan, 5 Tex. R. 130 ; Hawkins v. Tinnen, 10

Tex. R. 188.) But it has never been extended to cases like this of discontinuance of a co-contractor served with process.

At an early day it was decided by the Supreme Court of Texas, that a discontinuance as to one sued as joint contractor would render a judgment against the co-contractor erroneous. This case in Dallam is thought to be in point. (Dallam, p. 453, Whitney v. Turley.)

*Henderson & Jones*, for defendants in error. The case of Whitney v. Turley, Dallam, 453, is not an authority on this point ; for though Judge Hutchinson, who delivered the opinion of the Court in the case, held with the plaintiffs in error, yet it is evident from the concluding paragraph in the opinion, that all the judges did not agree with him, and that the decision of the case was put on another ground.

But there are higher authorities, and of a later date, than the case in Dallam, which do settle this question. Austin & Clapp v. Jordan, 5 Tex. R. 137 ; 1 Peters, 734, quoted in Austin & Clapp v. Jordan ; 6 Taunton, 179 ; Dean v. Duffield, 8 Tex. R. 235 ; Governor v. Welsh, 3 Ired..(Law,) R. 249–55; 6 Sm. and M. 161 ; 2 How. (Miss.) R. 870 ; 3 Id. 46 ; 5 Id. 196 ; 7 Id. 13.)

WHEELER, J. As a general rule, all exceptions to the proceedings in a cause in any Court, which are merely dilatory in their object, must be taken at once, and at the first opportunity ; or they will not be entertained. Such objections are regarded by the law with disfavor, because they delay the trial upon the merits ; and the omission to urge them at the proper stage of the proceedings, will deprive the party of the right to be heard to urge them, unless it be, where, to deny the right, would be to sanction an obvious violation of law, (1 Tex. R. 225,) or where the objection brings in question the jurisdiction of the Court to proceed to a decision on the merits. (Rea v. Hayden, 3 Mass. R.; 3 Johns. R. 113.)

The motion to dismiss, in the present case, is not an exception to the general rule. There is no principle of law which will be violated by proceeding to revise the judgment upon the merits ; and the objection does not bring in question the jurisdiction of the Court. There is no question of the jurisdiction of the Court to revise the judgment; but the question is whether the description of the judgment is so certain as to apprise the defendant in error and the Court, what judgment it is, which the plaintiff seeks to have revised. The petition is more certain than in the case of Wright v. Williams, (12 Tex. R. 35,) in that it mentions the day of the Term on which the judgment was rendered ; and it could only be rendered uncertain what judgment was intended, by showing more judgments than one recovered by the same plaintiffs against the same defendants on that day ; which, of course, is less probable than that this should occur during the same Term ; and we are disinclined to go further to sustain objections of this character, than an adherence to former decisions requires. But it is unnecessary to decide whether the motion ought to have prevailed if taken in time. It is a sufficient answer to it, that the objection was not taken in the first instance, nor until a motion to dismiss for other causes had been overruled ; and that to entertain it at this time, would have the effect to defeat, finally, the right of the plaintiffs in error to have a revision of the judgment.

The question, on the merits is, whether the plaintiffs had a right to dismiss as to one of the defendants who was served with process, and proceed to judgment against his co-defendants. On the authority of Austin et al v. Jordan, (5 Tex. R. 130,) and authorities there cited, and Dean v. Duffield, (8 Tex. R. 235,) it is clear that they had. By reference to the authorities cited in the brief of the counsel for the appellee, it will be seen that the rule of practice of the common law, that, in a joint action against several, upon contract, if the defendants join in their pleas, the plaintiff cannot enter a *nolle prosequi*

as to one of them, without releasing the others, but must recover against all or none, has not been adopted uniformly by the American Courts. Thus, in the case cited from 3 Iredell, 249, (Governor v. Welsh,) in a joint action against several, upon a joint and several bond, it was held that the plaintiff might enter a *nolle prosequi* as to any of the defendants, at any time before judgment, and proceed to judgment against the others. The Court, adverting to the English rule in actions *ex contractu*, and the reason of it ; that is, that, in joint actions against several upon contract, the plaintiff must recover against all or none, observed, "That is not the rule with " us, for here a plaintiff may recover against one or more upon " contract. Therefore the practice here has long been, to per- " mit the plaintiff to enter a *nolle prosequi* in actions upon con- " tract, just as he is permitted to do in actions *ex delicto*, at " any time before judgment." This, where the cause of action is several as well as joint, is in accordance with the rule maintained by this Court in the cases before cited. The rule is, of course, to be understood with the qualification, that the right to discontinue as to one shall not be exercised so as to impair any right of the other defendants, or place them in any worse condition, than that which they would have occupied, if the defendant who is dismissed from the suit, had been omitted in bringing the action : as, where the discontinuance as to one of two defendants, liable to be jointly sued in different counties, would have the effect to leave the other defendant liable to a recovery against him singly in a county other than that of his residence. In such a case, a dismissal as to the former would operate a discontinuance as to the latter. (Henderson v. Kissam, 8 Tex. R. 46.) Here all the defendants resided in the County of San Augustine. They were liable to be sued either jointly, or severally ; and it cannot make the slightest difference to them, whether the defendant, as to whom the plaintiffs dismissed, had been omitted in bringing the suit, or was dismissed from it afterwards ; except, perhaps, it may be

the cost of serving him with process ; which, if they had seen proper to have asked, they might have had taxed to the plaintiffs.

We are of opinion that the Court did not err in refusing to dismiss the case as to the plaintiffs in error, and that the judgment be affirmed.

Judgment affirmed.