DANIEL SHIPMAN ET AL. V. ALFRED ALLEE.

Where the suit was on a joint note against two makers and indorser, and one of the makers, without being served with process, plead in abatement that she was a married woman, whereupon the plaintiff discontinued as to such defendant: *Held*, that such discontinuance was not error. (Paschal's Dig., Arts. 1426, 1449, Notes 535, 554.)

If the indorser objected to the discontinuance as to the defendant who plead in abatement, he should have done so in the court below; and he cannot be heard to urge the objection for the first time in this court.

A discontinuance may be entered against one of several defendants, as well after as before service; certainly this may be done if such defendant be an unnecessary or improper party. (Paschal's Dig., Art. 1449, Note 554.)

ERROR from Victoria. The case was tried before Hon. FIELDING JONES, one of the district judges.

This suit was brought by the defendant in error against David Y. Portis, Rebecca Portis, and Daniel Shipman, alleging that David and Rebecca Portis executed to Shipman three notes, set out in the petition, in consideration of the sale to them of a certain tract of land situated in Austin county, and that Shipman afterwards indorsed the notes to plaintiff, and prayed for judgment and enforcement of vendor's lien. D. Y. Portis and Shipman answered, by a plea to the jurisdiction of the court, by a general demurrer, and general denial.

Mrs. Portis answered by a plea that she was a married woman.

Afterwards, on the 7th of May, the plaintiff "withdrew his petition, so far as the same seeks to enforce the vendor's lien for the payment of the note in question," dismissed his suit as to Rebecca Portis, and prayed for a personal judgment against the other defendants.

On the next day (May 8) the demurrer of the defendants was overruled, and the cause continued for service on Portis and wife.

At the February term, 1861, there were a trial and judgment for plaintiff.

XXIX.—2.

*Sayles & Bassetts,* for plaintiff in error.—It is insisted by the plaintiffs in error that the judgment is erroneous, on account of the dismissal of the suit against Rebecca Portis. The notes were in their terms joint, and Mrs. Portis was in court by plea.

While the statute authorizes a joint suit against the makers and indorsers of a note, and authorizes a discontinuance as to such parties as are not served, it also provides that no judgment, in any suit in which an indorser is jointly sued, shall be rendered against him, unless judgment is at the same time rendered against the principal, except when the principal resides beyond the limits of the State, or because he is insolvent. (O. & W. Dig., Art. 442; Campbell v. Beckwith, 17 Tex., 440; Look v. Henderson, 4 Tex., 303; Moore v. Jones, 6 Tex., 228; Crawford v. Jones, 24 Tex., 382.)

If it be said that one of the makers of the note was a married woman, and therefore not bound by the contract, we reply, that it does not so appear of record, nor, if it did so appear, does the statute authorize a dismissal on that ground.

The remedy of the plaintiff is controlled by the statute, which prohibits a judgment against the indorser of a note, except upon certain contingencies, and neither of these were shown to exist.

Even if the plea of Mrs. Portis had been sustained by proof, it would not follow that she would have been relieved from her liability on the notes. The petition alleges a sale to her, and she would have been bound upon her contract, at least to the extent of the value of the land conveyed to her.

The demurrer should have been considered with reference to the pleadings as they stood when the demurrer was heard. The pleadings, as amended, show that Mrs. Portis was jointly liable upon the note; did not show that

she was a married woman; and did not state any fact which authorized a dismissal as to her.

Another objection, equally fatal, is, that Rebecca Portis is a joint obligor, and therefore a necessary party. (Sayles' Prac., 143.)

The statute authorized a discontinuance as to such party only when not served. (O. & W. Dig., Art. 441.) But in this case she had already answered, and the plaintiff was not authorized to discontinue. (O. & W. Dig., Art. 441; Ellis v. Parke, 8 Tex., 205.)

The plaintiff had no right to assume that her plea was true, and at his own pleasure release her from her liability. The other defendants were as much interested as the plaintiff in holding her to her liability on the notes.

*W. S. Glass*, for defendant in error, suggested delay.

WILLIE, J.—A reversal of the judgment in this case is asked, upon the ground that a discontinuance was entered in the court below as to one of the principals upon a promissory note, and judgment at the same time taken against the other principal and the indorser. It is contended by the indorser, who prosecutes this writ of error, that as Rebecca Portis, the party as to whom the discontinuance was taken, was in court by her plea in abatement, though no process was served upon her, and the notes sued on were joint in their character, a *nolle prosequi* could not be entered as to her, and judgment rendered against the other principal and the indorser of said promissory notes. It is evident that the suit was dismissed as to Rebecca Portis because she was a married woman, and not liable to suit upon the notes, which were the foundation of the present action. But it is said in argument that it does not appear from the record that she was a *feme covert*. It is true that it is not so alleged in the petition, but she and her husband, David Y. Portis, in their plea in abatement,

filed under oath, specially aver it; and their attorney, who also appeared for plaintiff in error, makes affidavit to the fact.

If she were not, in fact, a married woman, the plaintiff in error should have contested the allegations of her plea in abatement in the court below. It was a question in which he was directly interested, and if he chose to stand by and permit the plaintiff below to confess the allegations of her plea, and act upon the supposition that they were true, he cannot be heard to deny them for the first time in this court. We think that the record sufficiently discloses the fact that Mrs. Portis was, at the time of the execution of the notes, and also at the commencement of this suit, a *feme covert,* and wife of her co-defendant, David Y. Portis. There is nothing in the record to show that these notes were given upon such consideration as would bind her separate property. From all that appears, they were a valid demand against her husband and joint principal, but void as to her. In a suit upon such a contract, at common law, it would neither be necessary nor proper to join the wife with the husband as a co-defendant. (1 Chan. Plead., 50.) Some authorities hold that even under that system, where suit had been improperly instituted against a *feme covert,* or infant, together with joint contractors who were liable, a discontinuance could be entered as to the former, and judgment at the same term taken against the latter. (Woodward v. Marshall, 1 Pick., 500.) Be this as it may, at common law, under our own system of practice, and the decisions of this court, the rule is well recognized, that where a defendant need not have been joined, and the liability of the defendants is such that an action can be maintained against the others without joining him, the plaintiff may enter a *nolle prosequi* as to such defendant, and have his judgment against the others. This was expressly decided in the case of Austin & Clapp v. Jordan, 5 Tex., 130. That was an action, it is true, against common

carriers, for damages arising from their negligence in
transporting goods. The court, however, did not rest their
decision upon the common-law distinction between actions
*ex contractu* and those *ex delicto,* but upon the fact that the
party as to whom the discontinuance had been entered
was improperly joined as a defendant. This decision has
been frequently followed in later opinions delivered by the
court, and applied to suits upon joint and several prom-
missory notes, where all the parties had been served with
process. In such cases a dismissal has always been allowed
as to one defendant, whilst judgment was rendered up
against his co-defendants. (Cook v. Phillips, 18 Tex., 32;
Dean v. Duffield, 8 Tex., 237; Horton v. Wheeler, 17 Tex.,
55.) And these decisions rest upon the ground that the
party as to whom the *nolle prosequi* was entered was an un-
necessary party to the suit. It can make no difference in
the present case that the notes sued on are in their terms
joint only, and not joint and several. They are in their
legal effect nothing more than the contract of David Y.
Portis alone. They are invalid as to his wife, and she is
therefore not only an unnecessary, but an improper, party
to a suit to enforce them, and therefore a discontinuance
as to her was properly entered in the court below.

But it is said that upon such dismissal judgment should
not have been rendered against the indorser, and we are
cited to the case of Look v. Henderson, 4 Tex., 303, in sup-
port of the objection. In that case the two principals were
equally bound for the payment of the note. In this only
one was liable. In that the indorser sustained the same
relation to one of the principals that he did to the other.
In this case he guarantied the payment of a note which, al-
though signed by two, he knew could be enforced against
one alone. He could not have expected the holder to sue
any other party but the one who was bound for the pay-
ment of the note, and he could in no event suffer by the
discharge of a party who was not originally bound by the

contract, and against whom a judgment under any circumstances would have been unauthorized. We are of opinion that there is no error in the judgment of the court below, and it is

AFFIRMED.