Opinion by
Willson, J.
§ 729. Amendment of pleading; not error to permit, after announcement of ready for trial, when; case stated. F. L. Talbot owned a stock of 'goods worth not exceeding $350. He was insolvent. He was indebted to A. Talbot, his brother, over $600, and to Caperon & Bond, intervenors in this suit, in a considerable amount, and was also indebted to various other parties. He sold and delivered to A. Talbot, in part payment of said indebtedness due said A. Talbot, the stock of goods mentioned. These goods were soon afterwards sold and delivered by A. Talbot to W. D. Gamble & Co., for the sum of $210. Before Gamble & Co. paid over the money, they were garnished in a suit brought by Caperon & Bond against *640 F. L. Talbot, to recover the debt due them by said F. L. Talbot, and in said suit judgment was rendered against said Gamble & Go., in favor of Caperon & Bond, for the amount due by said Gamble & Go. for said goods. A. Talbot brought this suit against Gamble & Co. to recover the $240 due by him on the purchase of said goods. Gamble & Go. pleaded the garnishment proceeding, and interpleaded Caperon & Bond in the suit, who, answering, claimed as their property the money due by Gamble & Go. for said goods, alleging that the sale of the goods by F. L. to A. Talbot was made to hinder, delay and defraud creditors, etc. A. L. Gamp was a member of the firm of Gamble & Go. ' Gamble pleaded specially that Camp was a minor, and asked that a guardian be appointed for him, etc., and thereupon the plaintiff dismissed his suit as to said Gamp. A trial of the suit resulted in a judgment in favor of plaintiff A. Talbot against W. D. Gamble, the only other member, besides Gamp, of said firm of Gamble & Go., for the said amount due for said goods and costs, and against the intervenors Caperon & Bond for costs. Gamble and Caperon & Bond prosecute this appeal. After the parties had announced ready for trial, the court permitted the plaintiff to amend his original, petition, so as to make the name “Talbert” therein read “ Talbot,” the latter being the correct orthography of plaintiff’s name. This amendment was allowed without the taxation of any costs against the plaintiff, and apnehants assign this as error. Held: Although the statute provides that the pleadings may be amended under leave of the court, upon such terms as the court may prescribe, before the parties announce themselves ready for trial, and not thereafter [B. S. art. 1192], it is well settled that this is but directory, and that* it is within the discretion of the court to permit amendments after announcement of ready for trial, which maybe found necessary for more speedily and certainly attaining the justice of the case, and upon granting such leave the court may or may not, in its discretion, impose *641 terms. [Whitehead v. Foley, 28 Tex. 1; Parker v. Spencer, 61 Tex. 155; ante, § 214.] In this instance, the amendment was unnecessary and immaterial, and could not have operated as a surprise, or resulted in any injustice to any party to the suit. The names “ Talbert ” and “ Talbot ” are idem sonans.
§ 730. Discontinuance of suit as to a joint defendant served; must be objected to, when. No objection was made to the discontinuance of the suit as to the joint defendant Oamp, at the time of the trial. Such objection is presented for the first time in this court. The objection comes too late. Where a suit is discontinued as to one of two joint defendants served, the other defendant, if he would object or claim benefit from such dismissal, must do so in the trial court by motion, exception or plea, and, failing to do so, cannot be heard to make such objection in the appellate court. [Horton v. Wheeler, 17 Tex. 52; White v. Leavitt, 20 Tex. 704.]
§731. Fraudulent conveyance; transfer of property by insolvent debtor to creditor, valid when. The court refused to instruct the jury at the request of appellants that “a purchase of goods from a debtor in failing circumstances must not only be for a valuable consideration, but must also be bona fide.” Abstractly considered, this proposition is correct, but is too broadly stated for the facts of this case. In this state it is well settled that a creditor has the right to receive property from an insolvent debtor in payment of a debt due to him, if the transaction be open, and more property is not taken than is reasonably sufficient to pay the debt, and this right exists, although the creditor may know at the time he so receives the property that he will thereby prevent other creditors from enforcing their claims, and although the creditor may know that the debtor is prompted to give him the preference through motives of friendship. [Greenleve, Block & Co. v. Blum, 59 Tex. 124; Schneider & Davis v. Sansum, 62 Tex. 201; also see W. & W. Con. Rep. § 458.] The charge given by the court was *642 the law applicable to the facts of the case, and it was not error to refuse the special charge above quoted. It was shown by the evidence that F. L. Talbot was justly indebted to A. Talbot in a much larger sum than the value of the goods; that the transaction between them by which the goods were received 'by A. Talbot in part payment of his debt was open, free from any concealment or other badge of fraud. There is nothing in the evidence that indicates any want of good faith on the part of A. Talbot. He seems to have been actuated solely by a desire to secure the part payment of a debt justly due to him by his brother.
May 23, 1885.
§ 732. Judgment; is a protection to a garnishee, when. Gamble complains that the court erred in rendering judgment against him for the money, without relieving him from the garnishment judgment which had previously been rendered against him for the same money. 'While the judgment in this suit does not expressly vacate and annul the judgment in the garnishment proceeding, such is its legal effect. Caperon & Bond, the plaintiffs in the garnishment, were parties in this suit, and put in issue and litigated their right to the judgment in the garnishment suit, and this issue was adjudged against them. All the parties being before the court in this suit, it would perhaps have been the proper practice to formally declare in the judgment that the judgment in the garnishment s.uit was set aside and annulled. But as it is, we think Gamble & Co. are in no danger of being injured, and shall not disturb the judgment
Affirmed.