William J. Lemp Brewing Company v. W. C. McDougle.

Decided November 16, 1905.

**Practice on Appeal—Exceptions Below to Pleadings—Waiver.**

Where there is nothing in the transcript to suggest that the action of the trial court was ever invoked on an exception in plaintiff's pleadings to one of defendant's pleas, the exception must be treated as waived.

Error from the County Court of Jefferson. Tried below before Hon. D. P. Wheat.

*B. C. Bowen,* for plaintiff in error.

*Xavier Ryan,* for defendant in error.

GILL, Chief Justice.—Plaintiff in error sued defendant in error to recover the value of certain bar fixtures and also to recover upon a contract which defendant is alleged to have made for the benefit of plaintiff in error. The defendant in error reconvened for $1,000, the alleged value of a carload of beer which he avers belonged to him, but was converted by plaintiff in error. The trial court allowed $250 of plaintiff's claim, but allowed defendant's reconvention to the extent of $775, and gave him judgment for the difference.

Plaintiff's supplemental petition contained an exception to the plea in reconvention on the ground that it was an effort to reconvene for unliquidated damages against a liquidated demand, the one being in no way related to the other, and the only error assigned is the refusal of the court to sustain the exception. The assignment is not supported by the record. There is nothing in the transcript to suggest that the action of the court was ever invoked on the exception. It must therefore be treated as waived. (Phoenix Ins. Co. v. Boren, 83 Texas, 98; Floyd v. Rice, 28 Texas, 343.)

The judgment is therefore affirmed.

*Affirmed.*