HOUSTON, E. & W. T. RY. CO. et al. v. WALTMAN.

(Court of Civil Appeals of Texas. Nov. 5, 1910. Rehearing Denied Dec. 1, 1910.)

1. PLEADING (§ 406*)—OBJECTIONS TO PLEADING—WAIVER.

A general demurrer and special exceptions to the petition are to be considered waived, the record being silent as to any action by the court thereon.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1355–1365; Dec. Dig. § 406.*]

2. CARRIERS (§ 177*)—CONNECTING CARRIERS—INJURY TO SHIPMENT—LIABILITY.

Where a shipment over connecting lines is on a through bill of lading issued by one of them, both are equally liable to the shipper for any damages to the shipment through the negligence of either.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 775–803; Dec. Dig. § 177.*]

3. PLEADING (§ 376*)—ISSUES—MATTERS TO BE PROVED—ADMISSIONS.

Plaintiff need not introduce evidence of the appointment of a defendant as receiver, defendant's pleadings fully setting out, the facts showing his appointment, and that he was acting under such appointment.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1225–1227; Dec. Dig. § 376.*]

4. PLEADING (§ 428*)—OBJECTIONS TO EVIDENCE FOR DEFECTS IN PLEADINGS.

Defendant having waived, by not invoking action on, his exceptions to the petition as too indefinite and uncertain as to items of damage may not raise objection to such defects by objection to evidence.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1433–1436; Dec. Dig. § 428.*]

Appeal from Angelina County Court; T. W. Jackson, Judge.

Action by W. E. Waltman against the Houston, East & West Texas Railway Company and others. Judgment for plaintiff. Defendants appeal. Affirmed.

---

Jno. T. Garrison, for Houston, E. & W. T. Ry. Co. Mantooth & Collins, for T. J. Freeman, receiver.

REESE, J. This is a suit in the county court by W. E. Waltman against the Houston, East & West Texas Railway Company and T. J. Freeman, receiver of the International & Great Northern Railroad Company, to recover damages, laid at $500, to certain live stock and household goods shipped by plaintiff over the International & Great Northern Railroad and its connecting line, the Houston, East & West Texas Railroad, from Millett, a station on the former road, to Burke, on the line of the latter. A trial with a jury resulted in a verdict and judgment for $300 against both defendants, from which they appeal. It was alleged that the damage to the live stock was caused by unnecessarily rough handling of the train, and to the household goods by water leaking in on them through the roof of the car; which was old and rotten; from rain which fell while the goods were in transit.

Freeman, receiver, pleaded in abatement that he was receiver, etc.; that plaintiff had not procured an order from the Circuit Court of the United States, in which the receivership was pending, authorizing this suit. The facts with regard to the appointment of receiver, and that he is now acting in that capacity, are fully set out in the plea. He also interposed a general demurrer and several special exceptions, which, not having been passed upon by the court, must be considered as waived. The receiver also pleaded the general denial. The Houston, East & West Texas Railway Company pleaded general denial only.

The evidence was sufficient to show the shipment of the property and its damage in transit as charged, and that such damage was caused by the negligence of the defendants in the manner charged in the petition. The evidence is also sufficient to authorize a verdict for the amount recovered.

The Houston, East & West Texas Railway Company contends that the undisputed evidence shows that all of the damage was done before the car came into its possession at Houston. The evidence does not support this contention. A written statement was introduced in evidence signed by appellee which is relied upon as an exoneration of the Houston, East & West Texas Company, and the undisputed evidence shows that at the time the car reached Houston on the International & Great Northern Railroad the goods were thoroughly saturated with water and water stood in some quantity on the floor of the car, still appellee testified that the inspector of the Houston, East & West Texas Company came into the car at Houston, and was advised of its leaky condition, but made no attempt to repair it; that it continued to rain (and of course the car continued to leak) after it came into the possession of this company from about 4 o'clock p. m. until the goods were removed at point of destination nearly two days thereafter, so some of the damage must have been caused after the car was received by the Houston, East & West Texas Company. Neither by its pleadings nor evidence did this company make any attempt to apportion the damage between itself and its codefendant, if it could have done so as against appellee, nor was any judgment over sought by it. The shipment was on a through bill of lading issued by the International & Great Northern Railroad Company, and, for whatever damage was occasioned by the negligence of either road, both were equally liable to appellee. Arts. 331a, 331b, Rev. St. 1895; Ry. v. Turner, 42 Tex. Civ. App. 532, 94 S. W. 214; T. & P. Ry. Co. v. Randle, 18 Tex. Civ. App. 348, 44 S. W. 603. This is the only error assigned by the Houston, East & West Texas Railroad Company and it is without merit.

The other defendant, T. J. Freeman, receiver of the International & Great Northern Railroad Company, contends that the judgment against him is erroneous for the reason that there was no evidence of his appointment as receiver. It is a sufficient answer to this assignment of error that by his pleadings Freeman very fully set out the facts showing his appointment and that he was then acting under such appointment as receiver. In this state of the pleadings it was not necessary for appellee to introduce evidence to establish this fact.

Appellant Freeman specially excepted to certain items of damage as too uncertain and indefinite, and these exceptions were well taken, and if insisted upon should, and possibly would, have been sustained, but the record is silent as to any action by the court on the exceptions, and in such case it is well settled that they will be considered as waived. Jones v. Black, 1 Tex. 527; Mims v. Mitchell, 1 Tex. 443; Grant v. Whittlesey, 42 Tex. 321; Bonner v. Glenn, 79 Tex. 533, 15 S. W. 572; Lemp Brewing Co. v. McDougle, 40 Tex. Civ. App. 583, 90 S. W. 215.

Having waived its exceptions to the petition, the objections which should have been thus presented cannot be made available by objection to the evidence, thus putting off the right to amend, which would probably have been done and the error corrected, if the exception had been seasonably presented and acted upon.

We have examined all of the assignments of error of both of the appellants and the several propositions thereunder and none of them presents any reversible error. The judgment is affirmed.

Affirmed.