Finding no error in the record, the judgment is affirmed.

---

## ST. LOUIS, B. & M. RY. CO. v. MORRIS et al. (No. 6871.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 31, 1923. Rehearing Denied Feb. 21, 1923.)

1. **Dismissal and nonsuit** ⊂⊃26—**Dismissal of initial carrier sued jointly with another held not error when not served and not appearing and not pleaded into court by the other.**

Though connecting carriers were sued jointly for damages to a shipment, it was not error to dismiss the initial carrier where it was not served with process and did not appear and answer, and there was no pleading of the other carrier to hold it in court.

2. **Appeal and error** ⊂⊃189(3)—**Exception on appeal to dismissal of party held too late.**

An exception to the dismissal of defendant jointly sued with another comes too late when first taken on appeal.

3. **Carriers** ⊂⊃177(1)—**Constitutional law** ⊂⊃ 249, 305—**Statute allowing suit against either or all connecting carriers held constitutional.**

Rev. Civ. St. art. 732, authorizing suits for damage to or loss of freight sustained anywhere over connecting lines, as defined in article 731, against either or all connecting carriers, and under which as to suits brought thereunder article 1830, subd. 25, allowing apportionment of damages, is not applicable except at plaintiff's request, is not unconstitutional as denying either the carrier sued or any other any right, or depriving it of due process of law or equal protection guaranteed by Const. U. S. Amend. 14, § 1, and Const. Tex. art. 1, § 19.

Appeal from Hidalgo County Court; Geo. P. Brown, Judge.

Action by G. K. Morris and another against the St. Louis, Brownsville & Mexico Railway Company and another. From a judgment for plaintiff, defendant named appeals. Affirmed. .

D. F. Strickland, of Mission, and E. H. Crenshaw, Jr., of Kingsville, for appellant.

Gause & Kirkpatrick, of Mercedes, for appellees.

COBBS, J. Appellees sued the appellant and the Gulf, Texas & Western Railway Company for damages to a shipment of furniture delivered by them to the Gulf, Texas & Western Railway Company at Megargel, Tex., consigned to them at Donna, Tex. There was no pleading filed by the Gulf, Texas & Western Railway Company, and it was dismissed by appellee without any objection. The case was tried by the court upon an agreed statement of facts, and the court rendered judgment in favor of appellees for the sum of $500.

Said railroad companies were connecting common carriers of freight and passengers, organized and operating its lines under the laws of Texas. Appellees properly boxed and crated their household goods and personal effects, and delivered same to the Gulf, Texas & Western Railway Company on its platform at Megargel, Tex., to be transported by it and over its connecting line to the city of Donna, in Hidalgo county, to be delivered there to appellees, appellees agreeing to pay, and did pay, the freight charges for said haul at Donna, Tex. The Gulf, Texas & Western Railway Company accepted said goods, which at the time of their delivery were in good condition, for the purpose of transporting the same to Donna, issued and delivered to the appellees a regular through bill of lading, consigning said goods to appellees at Donna, Tex., which was a valid and binding contract, for the safe transportation and delivery of said goods from Megargel to Donna. The said initial carrier delivered the goods to a connecting carrier at Fort Worth, who in turn transported the same to the connecting point on the lines of appellant company, who accepted them upon the consideration and terms as set out in the original bill of lading, and delivered same to appellees in Donna in the damaged condition they were found in when recovered by appellant. The damages occurred to the goods while in the possession of the Gulf, Texas & Western Railway Company, by being allowed to remain on its platform at its depot at Megargel for a period of about three weeks, being exposed to two big rains, which negligence was the direct and proximate cause of the damages. No part of the damages occurred while in the possession of appellant.

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1, 2] Appellant complains that it was error to dismiss the G., T. & W. Ry. Co., having been used jointly with it by appellees, as violation of a constitutional and property right. If such was error because under the existing law only the plaintiff could bring all the parties before the court, which would have enabled appellant to plead over against, it does not appear that said dismissed defendant was ever served with process or appeared and answered in the case, nor was there any pleading of appellant to hold the defendant in court. Besides there was no exception taken by appellant at the time to the ruling of the court, and it now comes too late. Under the circumstances there was no error in the action of the court in allowing the dismissal. Austin & Clapp v. Jordan, 5 Tex. 130; Dean v. Duffiel et al., 8 Tex. 235, 58 Am. Dec. 108; Horton v. Wheeler, 17 Tex. 52; White v. Leavitt, 20 Tex. 704; Shipman v. Allce, 29 Tex. 17; Davis v. Willis, 47 Tex. 154; Houston E. & W. Ry. Co. v. Waltman (Tex. Civ. App.) 132 S. W. 518.

[3] Article 732 of the Revised Civil Statutes was so amended that for any damage to or loss of any freight, etc., sustained anywhere over connecting lines (as defined in article 731) the damaged person is authorized to sue either or all of such connecting carriers who may be held liable to such person. Under this act the provision of article 1830, subd. 25, of the Statutes of 1911, allowing apportionment of damages, shall not be applicable to suits brought under the provisions of the act except at the request of the plaintiff. But the rights of the carriers who may be held in damages could recover in a proper action the amount of damages and costs it has been made to pay for the carrier for whose negligence the damages were incurred. We cannot see how it can be contended that this amended act denied appellant or any other railroad any right, or deprived it of the "due process" law so often asserted in a last refuge, as a denial of the equal protection of the law as guaranteed under section 1 of Amendment 14 of the United States Constitution, depriving appellant of life, liberty, or property without due course of the law of the land as guaranteed by section 19 of article 1 of the Constitution.

It must be remembered that the change complained of is that under the former act the innocent carrier could implead and recover over against its connecting carrier, one or more, and cause an apportionment of damages in the judgment on the trial. That cannot now be done, because that right is left to the damaged person to bring them all before the court.

This relieves the injured person from suing all the connecting carriers to have his rights settled, in a controversy between the carriers to fix as between themselves the apportionment of damages. The change much simplified the procedure, so that the carrier who is adjudged to pay for the loss and damages may still recover when it pays the damages, in another suit between the carriers, for it is much easier for them to locate the damage on the proper carrier than a stranger. This does not deprive the carrier of any constitutional right. The railroads, being common carriers, incorporated with large sovereign powers, are subject to the laws passed by the Legislature regulating their operation and conduct, providing a proper and simple rule of procedure in the courts. Such laws do not oppose any legal or constitutional right. Galveston, H. & S. A. Ry. Co. v. Piper Co., 52 Tex. Civ. App. 568, 115 S. W. 107; I. & G. N. v. Wilbourne (Tex. Civ. App.) 115 S. W. 111; G., H. & S. A. v. Wallace (Tex. Civ. App.) 117 S. W. 169; Texas & Pac. v. Bigham (Tex. Civ. App.) 47 S. W. 814; G., H. & S. A. Ry. Co. v. Johnson (Tex. Civ. App.) 133 S. W. 725; St. L. & S. F. Ry. Co. v. Heyser, 95 Ark. 412, 130 S. W. 562, Ann. Cas. 1912A, 610; Pittsburgh, C., C. & St. L. v. Mitchell, 175 Ind. 196, 91 N. E. 735, 93 N. E. 996; Welch Lumber Co. v. N. & W. Ry. Co., 137 App. Div. 248, 121 N. Y. Supp. 985; G., H. & S. A. Ry. Co. v. Wallace, 223 U. S. 481, 32 Sup. Ct. 205, 56 L. Ed. 516; L. & N. Ry. Co. v. Scott, 219 U. S. 209, 31 Sup. Ct. 571, 55 L. Ed. 183; Atlantic Coast Line Ry. Co. v. Riverside Mills, 219 U. S. 186, 31 Sup. Ct. 164, 55 L. Ed. 167, 31 L. R. A. (N. S.) 7; Carmack Amendment to Hepburn Act of June 29, 1906, c. 3591, 34 Stat. 584 (U. S. Comp. St. §§ 8604a, 8604aa).

As seen from the authorities cited, the Carmack amendment differs very slightly from the Texas statute, and has been vigorously attacked by that numerous array of brilliant legal talent such as is usually employed by railroads from the Atlantic to the Pacific Coast, and you might add in all the state and federal courts, and it has been repeatedly sustained. This case does not depend altogether upon the statute laws of the state to sustain the judgment, but was tried upon an agreed statement of facts that avoided the necessity of other proof, and this agreed statement supports the findings and the conclusion of the learned trial judge.

Having examined all the assignments and propositions presented by appellant, we find no reversible error assigned, and affirm the judgment of the trial court.