## THE ALIJANDRO.

### THE ALIJANDRO v. WALLACE.

(Circuit Court of Appeals, Ninth Circuit. May 8, 1893.)

#### No. 85.

1. CIRCUIT COURT OF APPEALS — JURISDICTION — APPEALS FROM CIRCUIT COURT IN ADMIRALTY CASES.

   The circuit court of appeals has jurisdiction to review a decree entered by the circuit court after the passage of the judiciary act of March 3, 1891, in an admiralty cause pending on appeal therein at the date of that act. Railroad Co. v. Amato, 1 C. C. A. 468, 49 Fed. Rep. 881, followed.

2. SAME — REVIEW — RECORD.

   The circuit court of appeals cannot be required to review the testimony in an admiralty appeal when the record is not made up as required by admiralty rule 52, but, on the contrary, contains only the judge's notes of the testimony, and there is no stipulation that anything may be omitted.

3. ADMIRALTY APPEALS — REVIEW — CONFLICTING EVIDENCE.

   The rule is well settled that in admiralty appeals the findings of the district judge on conflicting evidence will not be disturbed unless it clearly appears that the decision is against the weight of the evidence. The Albany, 48 Fed. Rep. 565, followed.

4. EXCESSIVE DAMAGES — PERSONAL.

   In a libel for damages for personal injuries it appeared that libelant was confined to his bed for 10 weeks, and was entirely disabled for 10

months, suffering with a compound fracture of the bones of his leg, and that the plasticity and strength of his leg were much impaired, the injury was permanent, and his capacity to earn money diminished. Libelant was about 30 years old; was receiving $80 a month as a stevedore at the time of the injury, and only $60 at the time of the trial. *Held,* that an award of $3,000, in addition to the loss of earnings and the expenses of his illness, was not erroneous.

Appeal from the Circuit Court of the United States for the Northern District of California.

In Admiralty. Libel by Timothy Wallace against the steamship Alijandro, Joaquin Rede, claimant, to recover damages for personal injuries received by him while engaged as a stevedore in loading the ship with coal. The district court rendered a decree for the libelant in the sum of $4,400, which was affirmed by the circuit court, and the claimant appeals to this court. Affirmed.

Milton Andros, for appellant.

J. C. Black and A. P. Black, for appellee.

Before GILBERT, Circuit Judge, and HANFORD and HAWLEY, District Judges.

HAWLEY, District Judge. The record in this case shows that an interlocutory decree was entered in favor of the appellee on May 16, 1890; that the cause was then referred to a commissioner to compute and ascertain the damages sustained by appellee; that on August 13, 1890, the commissioner filed his report, assessing the total amount of the damages in the sum of $2,390; that this amount included the loss of appellee's earnings during the time he was disabled from work, medical attendance, medicines, nursing, and $1,000 was allowed for the pain, suffering, and other consequences resulting from his injury; that exceptions were taken to this report by the appellee, upon the ground that the sum of $1,000 was wholly an inadequate compensation; that on November 10, 1890, the district court sustained the exceptions, and added to said amount the further sum of $2,000, also the sum of $10, consultation fee of a physician, which had been overlooked by the commissioner; that from this decree appellant appealed to the circuit court, and on June 3, 1892, that court affirmed the decree of the district court, and entered a decree in favor of the appellee for the sum of $4,400, with interest in the sum of $478.11, and costs. From this decree the present appeal is taken.

A motion was made by appellee to dismiss the appeal on the ground that this court had no jurisdiction,—the contention being that appellant was only entitled to one appeal; that the decree having been rendered in the district court prior to the act of March 3, 1891, and, as the appeal was then pending in the circuit court, jurisdiction could not be vested in this court without impairing the jurisdiction of the circuit court, contrary to the provision of the joint resolution to provide for the organization of the circuit court of appeals, which resolution provides that "nothing in said act shall be held or construed in any wise to impair the jurisdiction of the supreme court or any circuit court of the United States in any case now pending before it, or in respect of any case wherein

the writ of error or the appeal shall have been sued out or taken to any of said courts before the first day of July, A. D. 1891." This motion was overruled upon the ground, as then stated, that by section 6 of the act creating this court the right of appeal has been given in certain cases, including cases in admiralty, where it did not before exist; that the allowance of the appeal would not in any manner impair the jurisdiction of the court; that the right of appeal had been extended, not limited; that the joint resolution was intended to preserve the right of the circuit courts to hear appeals from the district court under section 631, Rev. St. U. S., in cases then pending; that, when the circuit court had heard and decided such cases, its decrees were subject to the provisions of the act, and were expressly made reviewable in this court; and that under the construction given to the act in Re Claasen, 140 U. S. 200, 11 Sup. Ct. Rep. 735, and Railroad Co. v. Amato, 1 C. C. A. 468, 49 Fed. Rep. 881, the right of appeal must be sustained. The same conclusion was reached by the court of appeals, fourth circuit, in Coal Co. v. The Mattano, 3 C. C. A. 325, 52 Fed. Rep. 877. The cause was thereafter heard upon its merits.

Appellant claims: (1) That the management of the work of coaling the steamship was not under the supervision of the master or owner, but was under the exclusive management and control of one Harold, a boss stevedore, who knew that the rope attached to the cargo plank was dangerous and defective; that Harold was an independent contractor; that appellee was a servant in his employ; that the master of the ship gave no orders or directions to Harold, or others, to use the cargo plank; that the accident which resulted in the damage to appellee was brought about solely by the negligent acts of his coservants in the common employment of an independent contractor; and that he was not entitled to recover any damages. (2) That, assuming that appellant was entitled to a decree, the amount in his favor, exclusive of the loss of time, medical attendance, medicines, and nursing, is excessive, and should be set aside.

With reference to the first contention, we are of opinion that the case is not presented in such a manner as to require at our hands a review of the testimony. The record on appeal only contains the "judge's notes of testimony" and deposition of one witness. Rule 52 (admiralty rules) describes what shall constitute the record on appeal to the circuit courts, and, among other things, provides that it shall contain "the testimony on the part of the libelant, and any exhibits not annexed to the libel; the testimony on the part of the defendant, and any exhibit not annexed to his pleading." In making up the record the clerk may omit therefrom "any of the pleadings, testimony, or exhibits which the parties, by their proctors, shall by written stipulation agree may be omitted; and such stipulation shall be certified up with the record." No such stipulation appears in the record. There is no certificate that the notes of the testimony contain all the material evidence. The district judge in his opinion said that there was testimony that the master was on deck while the operations were being conducted, and himself gave orders to hoist the plank after

the lanyard had been made fast to it. This the captain denied; but there are some portions of his testimony and that of the purser which are calculated to discredit him. This statement must be taken as true. It certainly cannot be questioned, criticised, or reviewed without having before us all the testimony that was submitted to him, or a stipulation of the proctors, as provided for in rule 52.

The circuit court adopted the opinion of the district judge, and found the facts to be that appellee was employed as a stevedore on the steamer to assist in coaling the vessel under "the direction of a head stevedore, and the general management of the work in hand was under the direction of the officers of the vessel;" that appellee was injured by the falling of a cargo plank belonging to the vessel, caused by the breaking of a rotten rope belonging to the vessel, and constituting a portion of her furnishings and appliances provided for the work in hand; and that the injury was caused without the fault or negligence of the appellee. Although the case is not presented in such a manner as to require at our hands a review of the testimony as to its merits, etc., yet, inasmuch as no special objection was made to its consideration, we deem it proper to say that we have read the "judge's notes of the testimony," and we are of the opinion that, when the same are considered in connection with his opinion in the case, the testimony in the record is sufficient to justify his conclusions, and to sustain the findings of the circuit judge. The rule is well settled that in cases on appeal in admiralty, when the questions of fact are dependent upon conflicting evidence, the decision of the district judge, who had the opportunity of seeing the witnesses and judging their appearance, manner, and credibility, will not be reversed unless it clearly appears that the decision is against the evidence. The Albany, 48 Fed. Rep. 565, and authorities there cited.

The testimony in relation to the extent of the injuries which the appellee sustained, as taken before the commissioner, is in the record, and an examination of it shows that appellee was a young man about 30 years of age; that he was receiving $80 per month as a stevedore; that he was at the time of the trial only able to earn $60 per month in other employment; that as a result of the injuries he received he was confined to his bed for 10 weeks, and was entirely disabled for 10 months, suffering, as the physician under whose care he was states, "with a compound fracture of femur, the tibia, and fibula, and bruises and concussions all along the limb from the hip down;" that the plasticity and strength of his leg had been much impaired; that his injury is of a permanent character; and that his capacity to earn money has been diminished. Upon these facts we are of opinion that the action of the district court in adding $2,000 to the amount allowed by the commissioner was justified by the evidence, and that the circuit court did not err in deciding that the full amount of damages and expenses allowed by the district court was not excessive.

The decree of the circuit court is affirmed, with interest and costs.