### THE LUCY.

### JONES v. MANN et al.

(Circuit Court of Appeals, Fourth Circuit. May 28, 1896.)

#### No. 160.

COLLISION—TUG AND TOWS WITH STEAMER IN CHANNEL.
  A steamer meeting in a channel a tug with several tows on hawsers must keep out of the way, and if a collision ensues the burden is on her to show that she took every precaution, and chose the right side of the channel, to avoid risk. 18 C. C. A. 442, 72 Fed. 85, affirmed.

Appeal from the District Court of the United States for the Eastern District of Virginia.

This was a libel by the owners of the barge Aunt Betty against the steamer Lucy and the tug Spring Garden to recover damages occasioned to the barge by a collision with the Lucy while the barge was in tow of the tug. The district court found that the tug was not liable, but rendered a decree against the Lucy for the full damages occasioned. From this decree an appeal was taken by Joseph

J. Jones, master and claimant of the Lucy. A motion to dismiss the appeal because of delay in filing the transcript of the record was heretofore denied. 18 C. C. A. 442, 72 Fed. 85. The cause has now been heard upon the merits of the appeal.

This case comes up on appeal in admiralty from the district court of the United States for the Eastern district of Virginia. On 11th December, 1892, the tug Spring Garden was proceeding towards the sound, from Norfolk to North Carolina. She had in tow five barges and two small schooners. The tow was arranged as follows: First, the barge Dove, towing next behind the tug, by two hawsers, one on the port and one on the starboard bow, each 120 feet long. Then came the barges Barry and Frederick, lashed together, alongside of each other, about 12 or 15 feet behind the Dove, the Barry being on the port side. After them came the barges Aunt Betty and Donaldson, lashed alongside each other by two hawsers, the Aunt Betty being on the port side, towing just behind the other two barges, and 12 or 15 feet from them. Then came the schooners, one behind the other. The whole tow was about 700 feet in length. When the tug and her tow were nearing Blackwater flats, in Pamlico river, the steamer Lucy was sighted, coming from an opposite direction, and rapidly approaching the tug. The latter was in about the middle of the dredged channel or cut, which at this place is about 100 yards wide. The tow was spread out behind her, the barges swinging towards the east or leeward side of the cut; the schooners behind them, more in the middle, and towards the west side of the cut. When the Lucy and the tug were about 500 yards apart, the latter blew two whistles as a signal to the Lucy. These were either not heard or not observed on the Lucy. When the latter had approached much nearer, she blew one whistle, indicating her intention to pass to port. This whistle was answered by the tug, and assented to; and she at once ported, making every effort to go towards the west side of the channel, and so assist the Lucy in her maneuver. The Lucy slowed down, went as far as she could on the east side of the channel, and there stopped, as her witnesses say, or proceeded on her course, as the witnesses for the tug say. The tug, moving at the rate of three miles an hour, proceeded with her tow, passing the Lucy safely, and so did the first barge which followed her. When the first pair of barges which were lashed together came up, the Lucy glanced on the barge to port, and then collided with the Aunt Betty, the port barge of the next pair. The force of the collision was such that the bow of the Lucy penetrated the port bow of the Aunt Betty, tearing her away from the barge to which she was lashed by hawsers, and causing her to fill and sink. The libel was filed in behalf of the owner of the Aunt Betty against both the steamer Lucy and the tug. The district court absolved the tug, but held the Lucy liable for all the results of the collision. The case comes here on appeal from this decree.

Alfred P. Thom, for appellant.

Robert M. Hughes, for appellees, claimants of the Spring Garden.

Floyd Hughes, for other appellees.

Before GOFF and SIMONTON, Circuit Judges.

SIMONTON, Circuit Judge (after stating the facts). The testimony in this case is conflicting. The trial judge examined the witnesses in open court, saw and heard them. His conclusion, in this conflict of evidence, is entitled to great respect. The Alejandro, 6 C. C. A. 54, 56 Fed. 621. Besides this, assuming that the Lucy, after she had concluded to go down on the east side of the channel, then took every precaution, by getting close to the shore, even "putting her nose in the bank," yet the fact of the collision shows that in coming to this conclusion she blundered. The collision was certain to result from the adoption of this course. The small tug and her heavy tow were in the channel, unable to control their action. The barges behind the tug were all swinging towards

the east side of the channel,—some of the witnesses say, were touching the bank. The manifest duty of the Lucy, an unincumbered steamer, in full control of her master and pilot, was to keep out of the way of the approaching tug and her heavy tow (The Syracuse, 9 Wall. 672), and to avoid the risk of collision. Master of the situation, she had the choice between the east and west sides of the channel. She chose the east side. The burden is on her to show that this was the only safe side. Compare Steamship Co. v. Rumball, 21 How. 372. The collision having occurred, she must show that she had taken every precaution for avoiding the risk of collision. This she did not do to the satisfaction of the court below, and has not done to the satisfaction of this court. The decree of the district court is affirmed.