PETERSON et al. v. LARSEN.

(Circuit Court of Appeals, Ninth Circuit. April 4, 1910.)

No. 1,743.

ADMIRALTY (§ 118*)—APPEAL—REVIEW OF EVIDENCE.

Where questions of fact on appeal in admiralty depend on conflicting evidence, the decision of the District Judge, who had an opportunity to see the witnesses and judge their appearance, manner, and credibility, will not be reversed, unless it clearly appears that the decision is against the evidence.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. § 770; Dec. Dig. § 118.*]

Appeal from the District Court of the United States for the Northern District of California.

Libel in admiralty by Peter Larsen against H. H. Peterson and another to recover damages for personal injuries. Judgment for plaintiff, and defendants appeal. Affirmed.

James C. Sims, for appellants.
H. W. Hutton, for appellee.

Before GILBERT and MORROW, Circuit Judges, and HUNT, District Judge.

MORROW, Circuit Judge. The question in this case is one of fact. The libelant sustained certain injuries by reason of lumber falling upon him from a sling while he was employed in stowing lumber in the hold of the steamer Greenwood at Delmar Landing on the Mendocino coast. It appears from the evidence that the defendants were operating a wire chute or trolley for carrying lumber from the landing to the steamer Greenwood. This wire chute consisted of a wire cable stretched from an elevated point on shore out to a buoy anchored several hundred feet from shore. The vessel is brought under the wire and anchored, with her sides parallel to and about 600 feet from the shore, with the hatch of the vessel directly under the wire. The wire carries at this point a block to stop the sling over the hatch. A sling load of lumber had been carried to the vessel, when the lumber slipped out, and, falling into the hold of the vessel, struck and injured the libelant.

The evidence on the part of the libelant tends to show that the falling of the lumber was caused by the negligence of an employé of the defendants in operating a donkey engine on shore in such manner that the sling load of lumber which fell upon the libelant was allowed to go down the chute or trolley so rapidly that it struck the block violently and knocked the lumber out of the sling, which, falling into the hold of the vessel, injured the libelant. The evidence on the part of the defendants tends to show that the lumber slipped out of the sling because an employé of the vessel, operating a donkey engine on board the vessel, with tackle for lowering the lumber from the wire trolley into the hold, neglected to lower the sling promptly upon reaching the

block, and, while suspended, it acquired a swinging motion, and dropped the lumber out of the sling and into the hold.

The testimony is conflicting as to the material facts. The deposition of the master of the Greenwood was taken and read to the court. All the other witnesses, five for the libelant and seven for the defendants, appeared before the court, and were examined and cross-examined in the presence of the court; and the court, having the advantage of seeing and hearing these witnesses and observing their conduct under examination, had an opportunity to judge of the value of the testimony and determine which of the conflicting statements should be believed. The court did not think it seemed probable that, when the sling reached the vessel, any of the lumber which it carried could have been thrown out of it, and upon the deck, unless the sling itself had been brought up against the check block on the trolley in the manner described by the witnesses for the libelant. The court accordingly found the facts to be as stated in the libel, and awarded a decree in favor of the libelant for $1,200.

We have carefully read the testimony in the record, and, applying a well-settled rule in this class of cases, we are not able to say that the court was in error in the conclusion it reached as to the cause of the accident. "The rule is well settled that in cases on appeal in admiralty, when the questions of fact are dependent upon conflicting evidence, the decision of the District Judge, who had the opportunity of seeing the witnesses and judging their appearance, manner, and credibility, will not be reversed, unless it clearly appears that the decision is against the evidence. The Albany (C. C.) 48 Fed. 565, and authorities there cited." The Alijandro, 56 Fed. 621, 624, 6 C. C. A. 54; The City of Naples, 69 Fed. 794, 796, 16 C. C. A. 421, 423; The Columbia, 73 Fed. 226, 237, 19 C. C. A. 436, 447; The Captain Weber, 89 Fed. 957, 958, 32 C. C. A. 452, 453; Paauhau Sugar Plantation Co. v. Palapala, 127 Fed. 920, 924, 66 C. C. A. 552, 556; Perriam v. Pacific Coast Co., 133 Fed. 140, 144, 66 C. C. A. 206, 210.

The decree of the District Court is affirmed.