## THE HARDY.

(Circuit Court of Appeals, Ninth Circuit. February 7, 1916.)

No. 2618.

1. TOWAGE ⊚⇒4—DUTIES OF TUG TO TOW.
A vessel which undertakes a towing service is not an insurer of the safety of the tow, and meets the full measure of its obligation if it is reasonably adequate to the towing service, and is in charge of men who possess and exercise the skill and care ordinarily exercised by those having experience in like service.
[Ed. Note.—For other cases, see Towage, Cent. Dig. § 4; Dec. Dig. ⊚⇒4.]

2. TOWAGE ⊚⇒15—LOSS OR INJURY TO TOW—BURDEN OF PROOF.
Where the master of a vessel undertaking a towing service is experienced and competent, much must be left to his judgment and discretion, and the burden rests on the owner of the tow to prove that loss or injury thereto resulted from negligence on the part of the tug.
[Ed. Note.—For other cases, see Towage, Cent. Dig. §§ 30–38; Dec. Dig. ⊚⇒15.]

3. ADMIRALTY ⊚⇒118—APPEALS—REVIEW—QUESTIONS OF FACT.
In admiralty cases, when questions of fact are dependent upon conflicting testimony, the decision of the District Judge, who had the opportunity to see the witnesses and judge of their appearance, manner, and credibility, will not be reversed, unless it clearly appears to be against the weight of the evidence.
[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 758–775, 794; Dec. Dig. ⊚⇒118.]

Appeal from the District Court of the United States for the District of Oregon; M. T. Dooling, Judge.

Libel in admiralty by K. V. Kruse and another, copartners doing business as the Kruse & Banks Shipbuilding Company, on behalf of themselves and their underwriters, against M. J. Savage and others, claimants of the American steamer Hardy, her tackle, apparel, and furniture. From an adverse decree, the libelant appeals. Affirmed.

The steamer Hardy undertook to tow a barge for the appellants from Coos Bay to San Francisco. The steamer left Coos Bay with the barge in tow about 5 p. m. on September 5, 1913. The barge was equipped with a proper light and sufficient oil, but there was no one on board. At about 6:15 p. m. on that day, as the steamer and tow were at the outer bar, the light went out. The light was not relit, for the reason, as stated by the master of the steamer, that to attempt to do so would have been to endanger the lives of his men. At some time between 12 and 12:40 a. m. on September 7, 1913, the hawser parted, and the barge went adrift. The loss was discovered at 12:40 a. m., and the steamer was turned about and headed north, and she proceeded slowly while keeping a lookout for the barge. At about 6 a. m. of September 7th, the steamer was headed south, and a search was made for the barge. The steamer went a zigzag course, and the search was interrupted to some extent by fog. About 11:15 a. m. the steamer, being short of fuel, abandoned the search, and proceeded on her way, and arrived at San Francisco September 8th. The barge drifted ashore, and was salved by another steamer for $1,000. The court below dismissed the appellant's libel, which was brought to recover the amount paid in salvage and repairs. The libel alleged that the tug and her

officers and crew were negligent in providing a defective rope for towing the barge, in not discovering that the barge was adrift until a long time after the breaking of the rope, in not making a diligent or sufficiently long search for the barge, and in allowing the light on the barge to go out, and not again lighting the same. The court found (1) that the appellants furnished the hawser to the steamer for the purpose of towing the barge, and that the steamer was not responsible for the parting of the hawser, "which was the real cause of the loss of the barge;" (2) that it was for the captain of the Hardy to determine whether or not the light on the barge could have been relighted without danger of losing his men in the attempt, and that the evidence shows that the possibility of such danger was so great that the action of the captain in that regard would not be reviewed; (3) that the loss of the barge under all the circumstances was discovered as seasonably as could reasonably be expected; (4) that the Hardy was not negligent in failing to keep up a longer search for the barge.

E. B. McClanahan and S. H. Derby, both of San Francisco, Cal., for appellants.

W. S. Andrews, of San Francisco, Cal., for appellees.

Before GILBERT and ROSS, Circuit Judges, and RUDKIN, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). [1, 2] There is no dispute upon the law of the case. A vessel which undertakes a towing service is not an insurer of the safety of the tow. It meets the full measure of its obligation if it is reasonably adequate to the towing service, and is in charge of men who possess and exercise the skill and care ordinarily exercised by those having experience in like service; and where the master is shown to have been experienced and competent, much must be left to his judgment and discretion, and the burden rests on the owner of the tow to prove that loss or injury thereto resulted from negligence on the part of the tug. The Syracuse, 12 Wall. 167, 20 L. Ed. 382; The Cayuga, 16 Wall. 177, 21 L. Ed. 354; The Margaret, 94 U. S. 495, 24 L. Ed. 146; The Adelia, 154 U. S. 593, 14 Sup. Ct. 1171, 21 L. Ed. 672.

[3] The court below found upon testimony, the most of which was taken in open court, that the steamer was not responsible for the parting of the hawser, and that it was for the captain of that vessel to determine whether the light on the barge could have been relighted without danger of losing his men in the attempt, that his decision in that regard should not be reviewed, that the loss of the barge was discovered as seasonably as could reasonably be expected, and that the Hardy was not negligent in failing to keep up a longer search for the barge. While there are many features of the evidence which tend to discredit the testimony of the officers and men of the Hardy, and tend to prove that on the night of the 5th or during the daylight of the 6th the lantern on the barge might have been lighted without danger to the men, and that in fact no watch was kept of the barge on the night of the 6th, we are not convinced that the record is such as to take the case out of the well-settled rule, which has been followed by this and other courts, that in cases on appeal in admiralty, when questions of fact are dependent upon conflicting testimony, the decision of the District Judge, who had the opportunity to see the wit-

nesses and judge of their appearance, manner, and credibility, will not be reversed, unless it clearly appears to be against the weight of the evidence. The Alijandro, 56 Fed. 621, 6 C. C. A. 54; Perriam v. Pacific Coast Co., 133 Fed. 140, 66 C. C. A. 206; Peterson v. Larsen, 177 Fed. 617, 101 C. C. A. 243.

The decree is affirmed.