Wheeleb, J.
The act of 1840 (nart. Dig., 704) expressly authorizes the practice, adopted in this ease, without reference to the distinction between contracts joint and several and those which are joint only. There can be no doubt, wo think, that the statute embraces a case like the present, and consequently that it was competent for the plaintiff to discontinue as to the defendant not served and proceed to judgment against his co-defendant.
The remaining question is free from difficulty. It does not appear that the mote was not made in this State. There is neither averment nor proof that it was made or to bo paid elsewhere. Mor can we judicially know that “St. Louis, Mo..” is in the State of Missouri. (Andrews v. Hoxie, 5 Texas R., 171.) Moreover, we must suppose, until the contrary appear, that it was competent elsewhere, as it is here, for the parties to stipulate for interest at ten per cent. The contract being legal and valid hero must he taken to have been so where made, unless it be shown by the party impeaching its validity that by the lex loci it was illegal and void.
There is no error in the judgment and it is affirmed.
Judgment affirmed.