THOMAS FORBES v. FRANCES DAVIS.

Where the only testimony, taken by deposition, was, that witness, in whose care plaintiff came as a passenger, caused the plaintiff's trunk to be placed on board the steamer in New Orleans a short time before her departure, and the jury were instructed by the Court, that to charge the defendant, (the master of the steamer) it must be shown to their satisfaction that the trunk was delivered to the defendant, or to the purser of the steamer, or to some other person authorized to receive it on the part of the steamer, and the jury found for the plaintiff, this Court refused to reverse the judgment on the ground that there was not sufficient evidence that the trunk had been put in charge of the employees of the steamer.

Where the plaintiff sued the defendant, a common carrier, for a lost trunk and its contents, and annexed to the petition a schedule of the trunk and contents, with the value set opposite to each article, sworn by the plaintiff to be correct and true, it was held that she was not estopped from afterwards amending her petition by alleging, without explanation, another schedule which contained more articles, and in which much greater values were set opposite the same articles which were contained in the first schedule. The objection was not taken to the amendment, but was relied upon at the trial, and before the Court on the motion for new trial.

In a suit against the master and unknown owners of a steamship for the value of a lost trunk, where the master alone answered and it did not appear that any citation had been issued for the owners, after verdict, the plaintiff was permitted to enter " a *nolle prosequi* as to the parties not served."

Appeal from Calhoun. Tried below before the Hon. Fielding Jones.

Suit by appellee against the master, Thomas Forbes, and the unknown owners of the steamship Perseverance, for the value of a trunk and the contents thereof, lost on the passage of plaintiff from New Orleans to Indianola, on board of said ship, " some time in the month of August, 1853." The petition was filed March 2nd, 1854. There was an affidavit that the residence of the said Forbes, and of the owners of the said steamship,

Forbes v. Davis.

(whose names said affiant does not know,) was unknown, and prayer for citation by publication. Annexed to the petition and made a part thereof, was a schedule as follows :

San Antonio, August 23d, 1853.

Steamship Perseverance, To Frances Davis, Dr. To one trunk containing the following :—1 gold locket, $20 00 ; 1 do. bracelet, 18 00 ; 1 do. ring, 2 00 ; 1 do. cuff pin, 2 00 ; 3 silk dresses, 25 00 ; 5 muslin do. 25 00 ; silk velvet cloak, 25 00 ; lace mantle, 12 00 ; silk sacque, 5 00 ; 1 dozen hdkfs. 12 00 ; laces and ribbons, 15 00 ; under clothing, 15 00 ; fan, 2 00 ; parasol, 3 00 ; corset, 5 00 ; shoes, 4 00 ; music, 7 00 ; books, 5 00 ; sundries ; thread, thimbles, &c., 1 00 ; work-box, 3 00 ; trunk, 20 00 ; port-folio, stationery, &c., 5 00 ; total $231 00.

The State of Texas, County of Bexar :

Before me, Tro. Ward, a Notary Public, in and for said county, duly commissioned and qualified, personally appeared Frances Davis, of the county and State aforesaid, who, being duly sworn, upon oath saith that the above is a true and correct list of the articles lost in her trunk marked " C. A. Davis," when passenger on the steamship Perseverance, in July last, from New Orleans to Indianola, and that the amount annexed to each article is the value of the same to the best of her belief and knowledge. (Signed, &c.)

Note by the Clerk, in the transcript, as follows : " No citations to be found among the papers." March 19th, 1855, amended petition alleging " that the trunk mentioned in the original petition contained a large amount of valuable wearing apparel and divers other articles, a bill of particulars containing a schedule of the same, together with the value thereof, is here with filed marked Z, which is made a part of this amendment ; and she states that the value of said trunk was $437 75, &c. ; damages laid at $800. Schedule Z was as follows :

Forbes, master, and the Owners of the Steamship Perseverance, To Frances Davis, Dr. 1 fine sheet iron traveling trunk,

$40 00 ; 1 do. velvet cloak, 40 00 ; 1 do. silk sacque, 10 00 ; 1 do. do. dress, 25 00 ; 1 do. tissue do. 18 00 ; 1 do. do. do. 15 00 ; 3 white Swiss do. at 10, 9, 8, 27 00 ; 1 organdy do. 12 00 ; 5 lawn do. at 5, 25 00 ; 1 fine pocket hdkf. 8 00 ; 2 do. do. at 5, 10 00 ; 8 plain do. do. at 50 cts. 4 00 ; 18 pieces under-clothing 25 00 ; 1 fine parasol 6 00 ; 1 do fan 4 00 ; 1 work-box and contents 12 00 ; 1 fine lace mantle 15 00 ; 1 do. do. veil 3 00 ; 1 do do chemisette $5 00 ; 1 do French do. 5 00 ; 3 common do. at 1 25, 3 75 ; 3 pieces India ribbon 5 00 ; 2 fine French collars at 3 00, 6 00 ; 1 do. lace do. 5 00 ; 5 yds. Valencia lace 5 00 ; 5 French work bands at 1 00 each, 5 00 ; 1 fine gold locket, 200 00 ; 1 do. do. bracelet 18 00 ; 1 do. do. ring 2 00 ; 1 pair cuff pins 2 00 ; 2 do. long net gloves at 1 50, 3 00 ; 2 do. kid do. 2 00 ; 1 do. gauntlets 1 50 ; 1 fine French corset 5 00 ; 1 pair fine lustring gaiters 3 00 : 2 do. kid do. 3 00 ; 1 do. stockings 1 00 ; 1 port-folio 5 00 ; 1 set tablets 2 00 ; 2 music books at 2 50, 5 00 ; 1 do. instructor 2 50 ; 5 (French works) school books 8 00 ; 20 pieces guitar music 5 00 ; perfumery, soap, &c. 1 00 ; total $437 75.

March 23, 1855, Forbes answered by allegations that if the trunk was received as alleged, which was denied, it was faithfully delivered, &c.

Verdict and judgment for plaintiff for $350, against Forbes, and " after the verdict of the jury the plaintiff enters a *nolle prosequi* as to the parties not served." To this the defendant Forbes objected, and reserved the point by bill of exceptions.

The occupation of the defendant as a common carrier, and that the plaintiff came as a passenger, as alleged, not being denied, the evidence was as follows, as to the loss of the trunk and the value of its contents : Witness, under whose care the plaintiff came testified as follows : I, for the plaintiff, had two trunks placed on board the Perseverance in New Orleans a short time before her departure from that place for Indianola. When we reached Indianola neither of the trunks was delivered either to Miss Davis, or myself, nor to any other person for her,

so far as I know or have ever heard. I went on board the ship before I left the point of her landing, and caused diligent search to be made about the vessel for the trunks ; neither of them could be found, but a guitar, which had been lashed on the top of one of them, was found, disconnected from the trunk, in the hold of the vessel. I left instructions with Mr. Fromme, a merchant of Indianola, to use his exertions to obtain the trunks and send them on immediately to San Antonio. In some two or three weeks after my arrival in San Antonio one of the trunks was sent on with the information that it had been found in a warehouse in Powderhorn, and that the other could not be found anywhere. I am confident that she has never received the other trunk. As to the value of the trunk and its contents I cannot state with any degree of certainty ; I can only say, from my recollection of the description of the trunk, that the trunk, itself, was worth from fifteen to twenty dollars. The contents of the trunk consisted, I suppose, of the summer clothing of the young lady, the plaintiff, as she had that one taken in the room in New Orleans whilst we were there. I saw her dressed in a fashionable and costly manner after coming from her room. I became acquainted with her before I left Memphis, Tennessee ; she then dressed in a fashionable and costly style.

Another witness, a female, testified as follows : I know of a travelling trunk lost by plaintiff in the year 1853, while traveling from New Orleans to Texas. It was lost in July. I packed the trunk for plaintiff, and bought many of the articles myself, before she started for Texas. It was a very large trunk and would hardly hold all the articles ; therefore I packed and unpacked it several times. The trunk, itself, was perfectly new ; it was a gentleman's trunk, lined with sheet iron, and cost forty dollars. The value of the trunk, and all the articles it contained, was four hundred and thirty-seven dollars and seventy-five cents. The list of the articles hereto annexed, is a correct list of the trunk and articles it contained, and their value.

The list appended to this deposition was the same as exhibit Z. The testimony of both the witnesses was taken by deposition ; there were no cross-interrogatories, and the interrogatories and answers only being copied into the statement of facts, it did not appear when the depositions were taken. The charge of the Court is stated in the Opinion. Motion for new trial overruled.

*F. S. Stockdale*, for appellant.

*Cunningham & Holt*, for appellee.

HEMPHILL, CH. J. This was a suit by Frances Davis against Thomas Forbes, master, and the unknown owners of the steamship Perseverance, to recover damages for the loss of a trunk and its contents, a part of the baggage of the plaintiff on a trip from New Orleans to Indianola.

Forbes alone answered. The owners were not cited. There was a trial and verdict for plaintiff. After verdict, plaintiff dismissed as to defendants not served. A motion for new trial being overruled, defendant appealed and assigns error—

1st. In overruling motion for new trial.

2nd. In dismissing as to defendants not served, after verdict.

3rd. In the several rulings, &c., favorable to plaintiff.

In argument, the appellant first insists that the verdict was not supported by evidence, and that it was in contempt of the instructions of the Court. He contends that there was no proof of delivery to the master, or of acceptance by him of the goods.

There was proof that two trunks of the plaintiff were placed on board, shortly before the departure of the ship from New Orleans, and that but one of them was afterwards delivered or found. The jury were instructed by the Court, that to charge the defendant, it must be shown to their satisfaction that the trunk was delivered to the defendant Forbes, or the purser of

Forbes v. Davis.

the steamer, or some other person authorized to receive it on the part of the steamship.

The attention of the jury was thus directed to the facts which must be in proof on this point, and it cannot be said that their verdict, in this particular, was without or against evidence. If the goods were placed on board of the ship, the inference would be that they were intended to be entrusted to the custody of the master or proper officer on the part of the ship.

The fact that the first schedule made out by the plaintiff, of the property lost, varied materially in amount from the second, was a suspicious circumstance, and it might admit of some question, whether the plaintiff should be allowed to recover for an amount greater than the first estimate placed by her on the property. It could be allowed only on the ground of mistake, and that in fact the articles, or some of them, were worth more than the original estimate.

The verdict did not correspond in amount with either the first or second schedule. But if it be permitted to exceed the first valuation—if the plaintiff be not estopped from the recovery of a greater sum—the verdict cannot be said to be without evidence, as the testimony of the witness is for an amount which exceeds the verdict, and consequently the verdict cannot on this ground be set aside.

The second assignment is as to the error in dismissing as to the owners after verdict.

The point raised by this assignment is one of considerable interest in practice, but as it has not been fully discussed, and as no reference has been made to authorities, I shall dispose of it very briefly. By Art. 704, Hart. Dig., it is declared that where there are several defendants in a suit, and some of them are served with process in due time, and others not so served, the plaintiff may discontinue as to those not served, and proceed against those that are, &c., and no defendant against whom a suit may be discontinued, according to the provisions

of this Section, shall be thereby exonerated from any liability under which he was, &c., &c.

This Section recognizes the right of the plaintiff to enter a *nolle prosequi* as to defendants not served, in all suits, no matter whether they be in tort or contract, or whether the obligation be joint and on which all the obligors must at common law be sued jointly and there must be a joint judgment, or joint and several and in which the suit though joint might have been several.   All distinctions of this character, and the law arising upon them, are disregarded and swept away by the Statute ; and the only test of the right of the plaintiff to discontinue as to some of the defendants, is whether they have or have not been cited in conformity with law.   Now, is it at all material whether the discontinuance be before or after verdict ? No judgment was entered.   There was no proceeding on the part of the plaintiff, which bound her to consummate judgment against the owners not served.   In the amended petition, Forbes was alone regarded as the defendant.   He was responsible on his own account, and not from any act or proceeding on the part of the defendants not served.   The rule of the Statute may well by analogy be extended and applied in cases of this character, so as to authorize a discontinuance as well after as before a verdict.

For the general doctrine in relation to discontinuance as to parties, see 5 Tex. 130· 1 Peters, 46.   The judgment is affirmed.

Judgment affirmed.