F. P. RIDDLE v. A. C. TURNER.

1. JUDGMENT—PRACTICE.—Under the statute, a plaintiff seeking the recovery of a moneyed judgment against several defendants, may discontinue as to one defendant who has not been served, and proceed as to those served. In such case, the absence from the record of an order showing a discontinuance as to the party not served, cannot, after judgment against the other defendants, be taken advantage of in a collateral proceeding.

2. JUDGMENT COLLATERALLY ATTACKED—PURCHASER—EXECUTION. —The issuance of an execution on a dormant judgment is not such an irregularity as will, of itself, render invalid, on a collateral attack by a stranger to the judgment, the purchase made at sheriff's sale by the attorney for the judgment creditor.

APPEAL from Titus. Tried below before the Hon. B. T. Estes.

This suit was brought by A. C. Turner, appellee, to recover two tracts of land (one situated in Franklin and one in Titus county) from F. P. Riddle, who was the son of Elam and Matilda Riddle, and who claimed as a purchaser from his parents, under purchase dated March 5, 1874. Hill and Christian ob-

tained a judgment against Sam Richardson and Elam Riddle on December 16, 1865. Execution issued on this judgment on December 22, 1874, and was levied by the sheriff of Titus county on one tract of land, as the property of Elam Riddle, on December 29, 1874, containing one hundred and fifty acres of the Daniel McCall survey, situated near Mount Pleasant, in Titus county, and on January 10, 1875, on another tract of land, as the property of Elam Riddle, situated in Titus county, a part of a one-league survey made for Carter T. McKinzie. Both tracts of land were duly advertised to be sold at public outcry, before the court-house door of Titus county, Texas, on March 2, 1875, it being the first Tuesday in that month, and were sold at the time and place named to A. C. Turner, as the highest bidder, at fifty cents per acre. J. C. Hart, as sheriff of Titus county, on March 4, 1875, took a receipt from Turner & Turner, as attorneys for the owners of the judgment, for the sum of $107.43, as money paid on the execution for the two tracts of land, on March 2, 1875. A. C. Turner was a member of the firm of Turner & Turner.

The facts showed that F. P. Riddle was not a party to the judgment in favor of Hill and Christian against Richardson and Elam Riddle, nor to the execution that issued on the judgment.

There was evidence tending to show that the defendant bought the land in controversy from his father and mother, Elam Riddle and Matilda Riddle, on March 5, 1874, for the sum of $1,000, for the payment of which he gave Matilda Riddle his promissory note, payable twelve months after date, and took from them a conveyance for the land on the same day; but the deed does not appear to have been introduced in evidence,—at least, the statement of facts does not show that it was.

The execution under which the land was sold was issued on December 22, 1874, and levied on one tract of the land in controversy on December 29, 1874, and on the other tract on January 10, 1875.

The record is silent upon the subject of actual notice, either by the plaintiffs in the execution or the purchaser at the sheriff's sale, who was plaintiff in the court below, and is appellee in this court.

*G. C. & C. S. Todd,* for appellant.

I. The judgment was dormant, and the execution sale passed no title. (Johnston *v.* Shaw, 33 Tex., 589; Russell *v.* McCampbell, 29 Tex., 31.)

The reasoning in Moore *v.* Letchford, 35 Tex., 214, and Phillips *v.* Lesser, 32 Tex., 751, and like cases, does not apply.

II. The judgment was a nullity, because of no dismissal as to T. J. Rogers, one of the defendants in the original cause. (Hulme *v.* Janes, 6 Tex., 242.)

III. No lien ever attached to land in Franklin county.

In support of the doctrine for which we have cited Johnston *v.* Shaw, 33 Tex., 589, we cite from our own reports Scott *v.* Allen, 1 Tex., 508, and Lubbock *v.* Vince, 5 Tex., 415. As to execution on dormant judgments being fraudulent as against a subsequent purchaser in good faith who buys while the judgment is dormant, see Herm. on Ex., sec. 65, p. 52; Ball *v.* Shell, 21 Wend., 222; Kellogg *v.* Griffin, 17 Johns., 274.

We respectfully submit that no distinction can fairly be drawn in this case between the status of the judgment creditor, or plaintiff in execution, and their attorney, except that the attorney stands without any of the rights of the plaintiff in execution as a creditor under the statutes. Appellee cannot be a purchaser *bona fide,* because the money, if any, bid by A. C. Turner was never paid, he, as attorney, merely receipting to the sheriff therefor. Bid by himself and paid to himself. Hence he is not protected. (Ayres *v.* Duprey, 27 Tex., 606, 607.) And this, we think, is borne out by the cases of Grace *v.* Wade, 45 Tex., 525, and Borden *v.* McRae, 46 Tex., 397.

The case of Boggess *v.* Howard, 40 Tex., 156, *et seq.,* differs from the case at bar in the attitude of the parties—the owners in that case not resting upon Howard, who was the defendant

and in possession, and was attacked by a junior purchaser at
sheriff's sale. In that case, too, the judgment is held not to
have been dormant. The case now before the court presents
the defendant and appellant (Riddle) as a *bona-fide* purchaser
under a deed not in any way attacked or impeached, and in
open possession and control of the land at the date of the levy
under appellee's judgment. These facts shown by the record,
it seems, fully warrant the conclusion that A. C. Turner could
not attack and oust F. P. Riddle, even though he may be a
stranger to the original suit of Hill and Christian *v.* Elam
Riddle, and to the dormant judgment therein.

In regard to actual notice to appellee of F. P. Riddle's claim,
we respectfully submit that open possession and entire control,
as shown in statement of facts, show such notice.

We submit that the deed of Elam and Matilda Riddle to F.
P. Riddle is now properly before the court by writ of *certiorari*,
and that shows a *bona-fide* sale, and is also supported by the
testimony *aliunde.*

*W. P. McLean & P. A. Turner*, for appellee.

I. In support of the negative of the first proposition in appel-
lant's brief, appellee cites the following authorities: Scogin *v.*
Perry, 32 Tex., 21; Moore *v.* Letchford, 35 Tex., 185; Wil-
liams *v.* Murphy, 36 Tex., 167.

II. In support of the negative of the second proposition in
appellant's brief, appellee cites the following authorities: Bur-
ton *v.* Varnell, 5 Tex., 139; Houston *v.* Ward, 8 Tex., 124;
Reynolds *v.* Adams, 3 Tex., 167.

*Tignal W. Jones*, also for appellee.

I. The general rule, as enunciated by a number of author-
ities, is, that the execution plaintiff, when a purchaser at sher-
iff's sale in discharge of his own debt, is protected to the same
extent as third persons to the suit. (See Rorer on Jud. Sales,
sec. 700; Butterfield *v.* Walsh, 21 Iowa, 99; Wood *v.* Chapin,
3 Ran., 509; Evans *v.* McGlasson, 18 Iowa, 150; Wood *v.*

Moorhouse, 1 Lans., (N. Y.,) 405; which are referred to by Mr. Rorer in support of the general rule stated by him.) The same authority says that it has been decided in a number of cases that an execution plaintiff, when a purchaser, is chargeable with all omissions.

In Twogood *v.* Franklin, 27 Iowa, 239, one of the authorities thus deciding, it is said that the same rule applies with equal force to the attorney of the plaintiff when he is purchaser.

II. The true rule is, that when the attorney of the plaintiff is the purchaser, it must be shown that he had actual notice of the defect or irregularity before he can be chargeable with it; but that he is not to be chargeable with the defect or irregularity at all, if he has purchased and paid the purchase-money. (Freem. on Judg., sec. 484, pp. 405, 406.)

Where a party in a collateral action claims under a sheriff's deed, the court cannot look to anything in the proceedings that makes them merely voidable. (Boggess *v.* Howard, 40 Tex., 155.)

The rule above referred to, as a general rule, applies as well to strangers as to parties to the judgment. (Boggess *v.* Howard, 40 Tex., 159.)

III. The plaintiff, C. A. Turner, can claim title to the land in controversy as against a stranger to the judgment and execution. (Boggess *v.* Howard, 40 Tex., 159.)

IV. The defendant, F. P. Riddle, is not such a stranger to the judgment and execution as might show, in a collateral action, the irregularity in the execution under which the plaintiff claims the land, if such a thing could be done by any stranger. (Boggess *v.* Howard, 40 Tex., 155.)

V. The defendant, though he may be a *bona-fide* purchaser of the land in controversy from the judgment debtor as between himself and the judgment debtor and subsequent purchasers, with notice of his purchase and the conveyance of the land to him, is not entitled to hold the land as against the plaintiff in this suit, because the plaintiff had no actual notice of the existence of defendant's deed to the land, and the de-

fendant's deed was unrecorded at the date of the levy of the execution. (Grace v. Wade, 45 Tex., 522; Borden v. McRae, 46 Tex., 396.)

BONNER, ASSOCIATE JUSTICE.—As presented by the record, there are but two questions in this case, being those raised by the special pleas of the defendant.

1st. Is the judgment in the original suit of Hill and Christian v. Richardson and Riddle void, being against two only of three defendants?

Under our statute, the plaintiffs in that suit had the right to discontinue as to the defendant Rodgers, who was not served with citation, and proceed against those served; and the mere silence of the record to show that this was done could not be taken advantage of in this collateral proceeding. (Paschal's Dig., art. 1448.)

2d. Would the issuance of an execution on a dormant judgment be such an irregularity as would, of itself, render invalid, on a collateral attack by a stranger to the judgment, the purchase made at the sheriff's sale by an attorney for the judgment creditor?

That it would not, was virtually decided by this court in Boggess v. Howard, 40 Tex., 153.

It is there said, that "if the judgment was dormant, however, when the execution issued under which appellees claim, while it would follow that Ray, who seems to have had control of it, got by his purchase merely a defeasible title, which might have been set aside or avoided by a proper proceeding by the defendant in execution, we do ·not think objection to the execution, or to the title of the purchaser under it, can be raised by a stranger to the judgment in a collateral way." (Id., 157; Freem. on Ex., sec. 29.)

We do not say, had F. P. Riddle purchased the land in good faith and for a valuable consideration when the judgment was dormant and the lien lost, but what his title would be superior to that of the plaintiff, and that this could have been shown

in the present suit; but this is not the case presented by the record.

In the statement of facts there is evidence tending to prove that the defendant Riddle purchased the land when the judgment was dormant, and prior to the issuance of the execution; but the testimony on this point is wholly unsatisfactory, as the deed is not made a part of the record, and it does not appear that he was a purchaser for value. This defect was attempted to be remedied by *certiorari* to perfect the record, and that which purports to be a certified copy of his deed has been sent up, but it does not appear from the statement of facts that the deed was in evidence below, and hence we cannot consider it.

Judgment affirmed.

AFFIRMED.