## W. A. H. MILLER ET AL. v. M. & J. SULLIVAN.

### No. 405.—Decided April 27, 1896.

1. **Joint Contracts—Necessary Parties.**

Upon all joint contracts, under the statutes of this State, either one or more of the joint contractors may be sued without joining all.

2. **Dismissal of One of Several Defendants.**

One or more defendants may be dismissed and the case be prosecuted as to the remaining defendants, with restriction that a necessary party defendant may not be so dismissed.

3. **Dismissal in Court of Civil Appeals.**

When judgment in the trial court was improperly rendered against one of several defendants sued upon a joint contract and the defendants appeal, the appellee (plaintiff below) may dismiss in the Court of Civil Appeals as to the appellant against whom the judgment was erroneously rendered, and have the judgment below affirmed against the remaining defendants.

QUESTIONS CERTIFIED by the Court of Civil Appeals for Third District, in an appeal from Llano County.

*Chas. L. Lauderdale,* for appellants.

*McLeary & Stayton,* for appellees.

GAINES, CHIEF JUSTICE.—In this case the Court of Civil Appeals have certified for our decision the following question:

"This is an action by M. & J. Sullivan, partners, against W. A. H. Miller, M. M. Hargis, Ben A. Ligon, J. R. Green, John C. Oatman, J. S. Scoville, M. C. Roberts, J. A. Leach, W. J. Forman, W. T. Moore, Jr., A. E. Moore, John Goodman, J. W. Davis, L. M. Deats, John Walker, J. F. McDonald, J. S. Atchison, R. H. Laning, Jas. S. Brattan, W. T. Swanson, R. F. Holden, G. W. Shaw, C. Breazeale, Wm. Mathews, Wm. P. Higdon, R. D. Lauderdale, Jas. M. Foster, O. P. Millican, Wm. Simpson, J. Duff Brown, Sr., H. C. Buttery, Miles Barler, I. N. Jackson, Mrs. E. Haynie, a widow, Mrs. T. C. Beeson, a widow, I. & B. Pessels, partners, and R. A. McInnis & Bro., partners, for $20,004, balance due on a contract made by W. A. H. Miller for himself and as agent for his co-defendants, by which he contracted to pay appellees for grading a certain part of a railroad, the Llano Extension of the San Antonio & Aransas Pass Railway from Fredericksburg to Sandies, and for completing ten miles of the road as per contract.

"Plaintiff recovered judgment in the court below, and on appeal by defendants, to this court, it was determined that the item charged for clearing and grubbing, was not authorized by the power of the agent who made the contract. To correct this error appellees propose to remit amount of the item.

"Mrs. Beeson was an original party defendant, and a feme sole, when the suit was brought, but pending the suit she intermarried with one G. B. Cross. The fact of her marriage was made known to the court after the parties announced, but before the trial commenced. Judgment was rendered against her with the other defendants, as feme sole, as "Mrs. Beeson," now Mrs. Cross, without making her husband a party. This court decided that the judgment was erroneous, and that the cause should be remanded; appellees come by motion and in this court offer to dismiss their case against her, and ask an affirmance of the judgment against all other parties defendant. We refer the court to the contract made by Miller for defendants, as copied in the opinion of this court, filed January 15, 1896, and make it a part hereof. The judgment of the lower court, after reciting appearance, trial and verdict, proceeds: "It is accordingly ordered, adjudged and decreed by the court that the plaintiffs Michael Sullivan and John Sullivan, composing the firm of M. & J. Sullivan, do have and recover of and from the defendants, W. A. H. Miller, etc.," naming all the defendants, including "Mrs. T. C. Beeson, now Mrs. T. C. Cross," the sum of $20,004.09 with interest, etc.

"The question we certify to the Supreme Court is: Can this court legally dismiss Mrs. Beeson and affirm the judgment against all other appellants, making the judgment valid and binding upon them?"

The determination of the question certified depends, as we think, upon the further question, whether or not Mrs. Beeson was a necessary party to the suit. In Austin v. Jordan, 5 Texas, 130, it was held by this court, that where a defendant need not have been joined or where it may be desirable to dismiss one of several defendants and the liability of the defendants is such that an action may be maintained against the others without joining him, the plaintiff may enter a nolle prosequi as to him and have judgment against the other defendants. The rule has been recognized in numerous subsequent decisions. Dean v. Duffield, 8 Texas, 235; Tulane v. McKee, 10 Texas, 335; Horton v. Wheeler, 17 Texas, 52; Keithley v. Seydell, 60 Texas, 78; Glasscock v. Hamilton, 62 Texas, 143. If the plaintiff may dismiss as to one defendant and proceed to trial against the others, we see no good reason why, after an appeal from a judgment against all, he may not dismiss as to one of the appellants, and have the judgment affirmed as to the others, provided such action may work no injury to the others, and the proceedings show no error as to them. The contract which was sued upon in this case as shown by the opinion accompanying the question is a joint promise on the part of all the defendants. Could the plaintiff have sued one or more of them without suing all? Was Mrs. Beeson. now Mrs. Cross, a necessary party to the suit? At common law all joint promisors had to be sued, and she was a necessary party to the

suit.   Not so under our statutes, as we construe them.   Article 1203 of
the Revised Statutes of 1895 reads as follows:

"The acceptor of any bill of exchange, or any other principal obligor
in any contract, may be sued either alone or jointly with any other party
who may be liable thereon; but no judgment shall be rendered against
such other party not primarily liable on such bill or other contract, unless
judgment shall have been previously, or shall be at the same time, ren-
dered against such acceptor or other principal obligor, except where the
plaintiff may discontinue his suit against such principal obligor as here-
inafter provided."

The same provision is found in the Revised Statutes of 1879 as article
1207.   So far as we have been able to discover, it there made its appear-
ance in our statutory law for the first time.   If the words "any   *   *
principal obligor in any contract may be sued alone or jointly with any
other party who may be liable thereon" were unaccompanied by their con-
text, they would clearly authorize a suit against any one or more of the
promisors in any contract, whether such contract be several or joint, or
joint and several.   But some difficulty of construction arises-from the fact,
that the leading purpose of the article seems to be to fix the rights of the
parties to negotiable instruments and to other contracts upon which the
relation of principal and surety, or other primary and secondary liability
should exist.   But while we think that this was doubtless a leading object
of the article, it was not its sole purpose.   The act of May 13, 1846, "to
regulate proceedings in the District Court," contained the following sec-
tion: "When there are several defendants in a suit, and some of them are
served with process, in due time, and others not so served, the plaintiff
may either discontinue, as to those not so served, and proceed against
those that are; or he may continue the suit until the next term of the
court, and take new process against those not served; and no defendant
against whom any suit may be discontinued, according to the provision
of this section, shall be thereby exonerated from any liability under
which he was, but may, at any time, be proceeded against as if no such suit
had been brought and no such discontinuance entered as to such defend-
ant; provided, that this section shall not be so construed as to allow a
plaintiff to discontinue, as to the principal, and take judgment against the
endorser, or surety [who is], jointly sued." (Laws 1846, page 374.)   This
section was construed in Forbes v. Davis, 18 Texas, 268, and in the
opinion Chief Justice Hemphill says:   "This section recognizes the right
of the plaintiff to enter a nolle prosequi as to defendants not served,
in all suits, no matter whether they be in tort or contract, or whether the
obligation be joint and on which all the obligors must at common law
be sued jointly, and there must be a joint judgment, or joint and several,
and in which the suit though joint might have been several.   All dis-
tinctions of this character, and the law arising upon them, are disre-
garded and swept away by the statute; and the only test of the right of
the plaintiff to discontinue as to some of the defendants is whether they
have or have not been cited in conformity with law."   In that case the

discontinuance was entered after verdict, and it was held proper. In Wooters v. Smith, 56 Texas, 198, this language of Chief Justice Hemphill is quoted with approval, and Judge Stayton there adds the following: "Such being the rule in cases in which defendants have been joined in the suit and not cited, the same must be applied in a case in which some parties who might have been made parties were not joined. The object of the statute was to abolish the common law rule, and such parties as are only liable as indorsers, guarantors, sureties, or drawers of accepted bills, are protected from the operation of the rule thus established by arts. 1257, 1258, 1259, R. S." These decisions seem to recognize the doctrine that the effect of section 45 was to abolish the common law rule which required all joint contractors to be sued together; and when article 1203 of the Revised Statutes now in force is read in the light of the decisions rendered previous to its passage, we think, that it becomes clear that it was one of its purposes to declare explicitly that, upon all joint contracts, either one or more of the joint contractors might be sued, without joining all.

It follows, that in our opinion Mrs. Cross was not a necessary party to the suit, and that the plaintiff may dismiss as to her in the Court of Civil Appeals and have the judgment affirmed as to her co-appellants. We suggest, however, that all costs which have been incurred by reason of her being made a party and by reason of her appeal should be taxed against the appellees.