JOHN BUTE ET AL. V. C. O. BRAINERD.

No. 833. Decided November 27, 1899.

**1. Note—Judgment—Dismissal as to One Joint Maker.**

Judgment against one of the joint makers of a note, after dismissal as to another who was jointly sued and cited and had answered, did not release the latter from liability, and could not be pleaded in bar of a second suit against him. (P. 139.)

**2. Same—Statutes.**

Article 1256, Revised Statutes, applies to defendants who are joint promissors; and, if it changes the law requiring them to be jointly sued only so far as to authorize dismissal as to defendants not cited without releasing them, still, article 1203, which permits suit against principal obligors either alone or jointly, has the effect to abolish entirely, as to principals, the common law rule requiring joint obligors to be jointly sued. (Pp. 139-141.)

QUESTIONS CERTIFIED from the Court of Civil Appeals for the First District, in an appeal from Harris County.

*E. P. Hamblen,* for appellant.—The court erred in rendering judgment for plaintiff, because the evidence showed that the plaintiff had filed suit on the identical note, in the County Court of Wilbarger County, in his individual capacity, against the defendants in this suit, and had taken judgment in said suit against A. U. Thomas, which judgment was in full force and not appealed from, and in said proceedings had entered his judgment of dismissal against John Bute, who had been duly served and had duly answered in said cause, and was then in court asserting his defense, and said judgment is a complete bar to this suit; the evidence showing that C. O. Brainerd, if he acquired said note at all, acquired the same in his individual capacity, and not as administrator.

*Ira P. Jones,* for appellee.

GAINES, Chief Justice.—Based upon the following statement, the question which succeeds it has been certified for our determination:

"Appellee, as the administrator of the estate of Samuel S. Brainerd, deceased, on the 5th of June, 1896, sued appellants John Bute, James House Bute, and A. U. Thomas in the County Court of Harris County, Texas, to recover the amount of a note executed by the defendants Bute and defendant Thomas jointly for the sum of $500, payable to the order of one Matthew F. Connett, on or before the 31st of December, 1894, and which note the plaintiff, in due course of trade, and before its maturity by the surrender of note due to the estate of his intestate from defendant Thomas and wife, became the legal owner. The plaintiff is a resident of the State of Missouri, and was duly appointed administrator of the estate of S. S. Brainerd by the proper court of Missouri on the 7th of January, 1893, and, for the purpose of bringing this suit, by the County Court of Harris County, Texas, May 6, 1896. Defendants Bute resided in said county and defendant Thomas in the State of Illinois at the institution of plaintiff's suit.

"On the same note here sued on, the plaintiff in his individual right instituted suit in the District Court of Wilbarger County against the makers in 1895, and the defendants John Bute and A. U. Thomas were duly cited and appeared in said cause and filed answers, and the plaintiff dismissed his said suit against both the defendants John Bute and J. H. Bute, the latter not served, and took judgment on the 8th of October, 1895, for the full amount of the note against the defendant Thomas, and which judgment has never been reversed, set aside, or otherwise vacated or suspended. This judgment was plead by John Bute in bar of the present suit; but the plea was disregarded by the trial court, and judgment was rendered for the plaintiff, as administrator of the estate of S. S. Brainerd, for the full amount of the note as against the defendants John Bute and Thomas; and as to defendant J. H. Bute, that plaintiff take nothing. The defendant Thomas was not cited, but appeared and consented that judgment be rendered against him. The defendant J. H. Bute defeating recovery against him upon plea and proof of his minority at the time of the execution of the note.

"Upon the foregoing statement, we respectfully propound this question: Was or was not the defendant John Bute's plea of former judgment a bar to plaintiff's recovery against him?"

By the rule of the common law, upon a contract joint, but not joint and several, all the promisors should be sued. If one was sued and another not, the suit was subject to be abated upon plea setting up the nonjoinder. But if no plea in abatement were filed, judgment could be recovered against the promisor who was sued. In case this was done, it was held that the debt was merged in the judgment and that the promisor not sued was discharged. The reason given was that "the latter might plead that he made no promise except with the former." See 1 Chitty's Plead., 16 ed., p. 48, note.

The rule is extremely technical but it is well established. It is not remarkable that in many of the States it has been modified by statute, as is shown by the following cases: Lowry v. Hardwick, 4 Humph. (Tenn.), 188; Rufty v. Claywell, 93 N. C., 306; Hyman v. Stadler, 63 Miss., 362; Ells v. Bone, 71 Ga., 467, and cases cited in that opinion; Oakley v. Aspinwall, 4 N. Y., 513. In our own State, the "Act to regulate proceedings in the district courts," approved May 13, 1846, contained the following section: "Sec. 45. When there are several defendants in a suit, and some of them are served with process, in due time, and others not so served, the plaintiff may either discontinue, as to those not so served, and proceed against those that are; or he may continue the suit until the next term of the court and take new process against those not served; and no defendant against whom any suit may be discontinued, according to the provision of this section, shall be thereby exonerated from any liability, under which he was, but may at any time be proceeded against as if no such suit had been brought, and no such discontinuance entered as to such defendant; provided, that this section shall not be so construed as to allow a plaintiff to discontinue, as to the principal, and take judgment against the indorser, or surety (who is) jointly sued." The section down to the word "provided" is copied into the Revised Statutes of 1879 and in the Revised Statutes of 1895. In both it is numbered as article 1256. The provision has been construed in numerous cases in this court, among which we note especially Forbes v. Davis, 18 Texas, 268; Wooters v. Smith, 56 Texas, 198; and Miller v. Sullivan, 89 Texas, 480. In the first of these cases, it was merely decided that it was not error, under this article, to dismiss, even after a verdict, as to one defendant not served, when both were jointly liable. But Chief Justice Hemphill, after recognizing the distinction at common law between joint and joint and several obligations, says emphatically that "all distinctions of this character and the law arising upon them are disregarded and swept away by this statute." In Wooters v. Smith, the common law distinction is also recognized, but it is held that by force of the statute, where one of the joint obligors is not sued or the suit against him is discontinued, a judgment against the other does not merge the debt and destroy the liability of the party as to whom the discontinuance was entered. In the last of the three cases referred to (Miller v. Sullivan), it was held that one joint obligor was not a necessary party to a suit upon the joint contract against the others.

The gist of the decision in Forbes v. Davis and in Miller v. Sullivan is that the provision now found in article 1256 is broad enough to include joint promisors. We do not doubt the correctness of this rule. The language of the article is general and applies expressly to every suit in which there are "several defendants." The next article makes an exception in cases in which one defendant is principal and the other is surety or the like. In such case, it prohibits, as a rule, a dismissal as to the principal. A similar exception appears in the proviso and a subse-

quent section of the original act. The fact that this exception is expressly provided for tends to show that none other was intended.

When we reach the conclusion that the article in question applies to joint promisors, who are defendants in an action, it inevitably follows that when, in such a case, a discontinuance is entered as to one for want of service and a judgment taken as to the other, the liability of the former is not discharged. The statute expressly declares that no defendant as to whom a discontinuance may be so entered "shall be thereby exonerated from any liability under which he was, but may, at any time, be proceeded against as if no such suit had been brought and no such discontinuance entered."

It follows that if, in the suit in Wilbarger County, John Bute had not been served when the discontinuance was entered, he would not be discharged. But it appears that he had been served, and this brings us to the inquiry, should this fact make a difference? If there could be a doubt as to the effect of article 1256 upon the question, we think there can be none as to article 1203 of the present Revised Statutes, numbered 1207 in the Revised Statutes of 1879. This article seems not to have been called to the attention of the court when Wooters v. Smith was decided. It provides that, "The acceptor of any bill of exchange, or any other principal obligor in any contract may be sued either alone or jointly with any other party who may be liable thereon; but no judgment shall be rendered against such other party not primarily liable on such bill or other contract, unless judgment shall have been previously, or shall be at the same time, rendered against such acceptor or other principal obligor, except where the plaintiff may discontinue his suit against such principal obligor as hereinafter provided." In speaking of this statute in Miller v. Sullivan, supra, after referring to certain decisions it is said: "These decisions seem to recognize the doctrine that the effect of section 45 was to abolish the common law rule which required all joint contractors to be sued together; and when article 1203 of the Revised Statutes now in force is read in the light of the decisions rendered previous to its passage, we think that it becomes clear that it was one of its purposes to declare explicitly that, upon all joint contracts, either one or more of the joint contractors might be sued, without joining all." This act was construed by the Court of Appeals in Hinchman v. Riggins (1 White & Willson Civil Cases, section 295), and it was there held that it "changes the common law rule * * * and makes it no longer necessary to join as defendants all joint obligors in a suit upon a joint contract." If, as was held in Miller v. Sullivan and in Keesey v. Old (82 Texas, 22), it is not error to dismiss as to one joint obligor who has been served, we think it follows that after the dismissal the case is left in the same situation as to the rights of all the parties as if the party so dismissed had never been sued at all. Since, then, Bute was in the same position as if he had never been sued, and, since the statute authorized suit against Thomas alone, we think Bute was not discharged of his liability on the note by the judgment against Thomas.

The point was decided and correctly decided by the Court of Civil Appeals upon a former appeal and the decision was placed upon proper grounds in the opinion. 44 S. W. Rep., 575. Upon the second appeal, the court seems to have become doubtful of the correctness of its former conclusion. For that reason, we have expressed our views more at length than we would otherwise have done.

We answer the question in the negative.