### TEXAS & P. RY. CO. v. SHEFTALL et al.

(Circuit Court of Appeals, Fifth Circuit. December 19, 1904.)

No. 1,362.

1. PARTIES—ACTIONS FOR TORT—DISMISSAL AS TO JOINT DEFENDANT.

The dismissal of a suit as to one of two joint tort feasors is not error in the absence of any circumstances enhancing the damages because of the suit having been brought against both of them, or of any joinder in pleading by them, or of any prayer for relief by one of them against the other.

2. SAME—EFFECT ON PLAINTIFF'S CLAIM.

The dismissal of a suit as to one of two joint tort feasors on the ground that it was not a necessary party, or was an improper party, does not discharge plaintiff's claim against the other defendant, if it is otherwise liable.

3. DISMISSAL OF SUIT—MOTIONS—TIME OF MAKING.

A case is in the control of the trial judge pending the term and at the time of the hearing of a motion for a new trial, and a motion made at that time to discontinue the suit as to one defendant is timely, although verdict and judgment have been entered.

In Error to the Circuit Court of the United States for the Eastern District of Texas.

Cooper Sheftall, defendant in error, was conductor of a freight train of the Texas & Pacific Railway Company, plaintiff in error. His train was at Ferguson Switch, near Big Sandy, Tex., and was being operated over a track at that place which connected the railroad of the plaintiff in error with that of the St. Louis Southwestern Railway Company of Texas, commonly known as the "Cotton Belt." This connecting track was known as "the long transfer track," and was used by both companies for transferring cars from one rail-

¶ 2. See Dismissal and Nonsuit, vol. 17, Cent. Dig. §§ 44, 46.

road to the other. Sheftall, in the regular discharge of his duty, was passing by the side of his train, which was then moving on this transfer track, when he stumbled over a post or piece of timber lying by the side of the track. He was moving rapidly, or running, at the time he stumbled and fell prostrate, and, thinking he was going under the car, threw his hand out to catch the side of the car. His hand missed the car and went under it on the rail, and before he could move it the car ran over it. He brought suit against the plaintiff in error and the Cotton Belt Road jointly and severally. He alleged his employment by the Texas & Pacific Company, and that the transfer track connected the tracks of the two railroads together, and was used by each of the companies and by the train crews of each in transferring cars of freight from one to the other; that when either of the companies had cars of freight for delivery to the other such cars were placed on this transfer track, and the train crews of the other company obtained them by operating their cars and engines upon the transfer track, going in upon it for the cars; that he was required by the company to operate defendant's trains upon this transfer track in the transaction of defendant's business, and was so engaged at the time he received his injury; that it was the duty of each of the companies to maintain and keep the transfer track in a reasonably safe condition; that each and both of the companies negligently caused and permitted the post or piece of timber to be and to remain in dangerous proximity to the track; that it was nighttime, and dark, and that he did not know that the post or piece of timber was there; that he was in the discharge of his duty and in the exercise of due care at the time he stumbled over the post or timber, suddenly, and before he could or did see it, and fell and was injured as a result of the negligence of each of the defendant companies. The defendants answered separately, each setting up in substantially the same words, the general issue, contributory negligence of the plaintiff, his assumption of risk, and that the obstruction complained of was not the proximate cause of his injuries. The Cotton Belt had an additional plea that it had no contractual relations whatever with the plaintiff, and owed him no duty whatever with respect to his injuries. The trial resulted in a verdict and judgment for plaintiff against both defendants. Upon the coming on of a motion for new trial by the Cotton Belt Company, Sheftall filed a dismissal and discontinuance as to that company, as follows: "Comes now the plaintiff, by his attorney, and, with leave of the court had, dismisses his said judgment against the St. Louis Southwestern Railway Company of Texas, one of the defendants herein, and only as to the said named defendant, but not as to the defendant the Texas & Pacific Railway Company, and says that as to the said St. Louis Southwestern Railway Company of Texas he will no longer prosecute, but as to the defendant the Texas & Pacific Railway Company he retains his suit and judgment herein recovered. And the plaintiff further says that the aforesaid dismissal is not by reason of nor upon any payment, satisfaction, or collection of said cause of action or judgment, either in whole or in part, for that plaintiff has not received satisfaction or settlement of said claim or suit or judgment, either in whole or in part, from either of said defendants, or from any other source." On the filing of this motion to dismiss the plaintiff in error filed its exceptions and objections to such dismissal and discontinuance of the suit as to the Cotton Belt Company, resting the objection on the ground that the suit was brought and judgment rendered jointly against each of the two defendants; that verdict and judgment had been had thereon, and that the discontinuance is too late to operate to any other effect than a dismissal of the entire suit against both the defendants, and to the great prejudice of the plaintiff in error, and thereupon moved the court to dismiss the entire suit as to both defendants, and, before the court had made any order dismissing the same, filed its pleading over against the Cotton Belt Company, alleging that, if either of the defendants were guilty of negligence as charged, it was the Cotton Belt Company, and not the plaintiff in error; that the Cotton Belt Company, at and prior to the accident in question, undertook and assumed to control and maintain the track at the point where the accident occurred; and praying judgment over against the Cotton Belt Company for any amount finally adjudged against the plaintiff in error in favor of the plaintiff. These objections and motions were overruled. The motion by the Cotton Belt for a new trial

was granted, and, the Cotton Belt Company making no objection, the suit and the judgment rendered, in so far as it affects the Cotton Belt Company, was dismissed, and the judgment ordered to stand as a judgment against the Texas & Pacific Railway Company alone, and that company brought this writ of error.

John M. Duncan and T. J. Freeman, for plaintiff in error.

Cone Johnson, H. B. Marsh, and Jas. M. Edwards, for defendants in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

After stating the case as above, McCORMICK, Circuit Judge, delivered the opinion of the court.

Twenty-one errors are assigned. We do not deem it necessary or profitable to discuss them separately, or at all at any length, for we consider that none of them are well taken. Seventeen of them are expressly directed to the action of the court in giving instructions excepted to by the plaintiff in error and in refusing the requested charges presented by the plaintiff in error. Another of the errors assigned is substantially directed at similar action of the court in refusing to direct a verdict for the defendant. The eighteenth, nineteenth, and twentieth errors assigned are addressed to the action of the court in granting a new trial as to the Cotton Belt Company, and in permitting the plaintiff to discontinue his suit against that company, and in holding the judgment against the plaintiff in error alone. We have examined the cases relied on by the plaintiff in error, namely, Washington Gaslight Company v. Landsden, 172 U. S. 543, 19 Sup. Ct. 296, 43 L. Ed. 543; Albright v. McTighe et al. (C. C.) 49 Fed. 817; Strand v. Griffin (C. C.) 109 Fed. 597; Levy et al. v. Gill (Tex. Civ. App.) 46 S. W. 84; Hume et al. v. Schintz (Tex. Civ. App.) 40 S. W. 1067; Schintz v. Morris (Tex. Civ. App.) 35 S. W. 516; San Antonio v. Dickman, 34 Tex. 650—and are of the opinion that they do not support the contention of the plaintiff in error in these last-named three assignments. The defendants answered separately. They did not seek relief against each other. There was nothing in the joining of the defendants that tended to enhance the damages which could be recovered in the plaintiff's case. There was nothing in the nature of that case that would call upon the jury to find a greater verdict against two than the testimony compelled them to find against one if one alone had been sued. If, as the trial judge seems to have concluded, the Cotton Belt had been improperly joined, and therefore was not a necessary party, or should not have been a party at all, the dismissing of the suit against it could not discharge the plaintiff's claim against the other defendant, if it were otherwise liable. There is nothing in the contention that the motion discontinuing the suit as to the Cotton Belt came too late after verdict and judgment entered. The case was entirely in the control of the trial judge pending the term, and at the time his action was taken. We think these views are fully supported by Minor v. Mechanics' Bank, 26 U. S. 74, 7 L. Ed. 47; United States v. Linn, 42 U. S. 103, 11 L. Ed. 64; Gaslight Co. v. Montgomery, 86 Ala. 372, 5 South. 735; Railway

Co. v. Ross, 142 Ill. 9, 31 N. E. 412, 34 Am. St. Rep. 49; Miller v. Sullivan, 89 Tex. 408, 35 S. W. 362.

The judgment of the Circuit Court is affirmed.