Phillips, Trammell, Chizum, Estes & Edwards, of Fort Worth, Frank L. McClendon, of Tyler, and Futch & Weldon, of Henderson, for plaintiffs in error.

Massingill & Belew, Homa S. Hill, and Burton B. Paddock, all of Fort Worth, for defendant in error.

TAYLOR, Commissioner.

The Court of Civil Appeals refused to take jurisdiction of this case on the ground that the appeal sought to be filed in that court was not filed within the time required by law. Plaintiffs in error's application for the writ filed in this court following the order of dismissal was granted on May 29, 1935. On the same date the writ was granted, defendant in error filed herein a motion to dismiss the application on the ground that it fails to disclose that the matters therein complained of by defendant in error were complained of in a motion for rehearing filed in the Court of Civil Appeals. The application for the writ does not point out or state that any of the rulings sought to be reviewed here were assigned as error in a motion for rehearing in the Court of Civil Appeals.

It is the settled practice in this court when the matter is called to its attention to dismiss an application for writ of error granted without authority of law, as it was in this case. Leonard Bros. v. Newton (Tex.Com.App.) 101 S.W.(2d) 223; Knodel v. Equitable Life Ins. Co. (Tex. Com.App.) 221 S.W. 941; Employers' Cas. Co. v. Roland (Tex.Com.App.) 1 S.W.(2d) 568; Blackmon v. Trail (Tex.Com.App.) 12 S.W.(2d) 967. See, also, in this connection City National Bank in Childress v. Phillips Petroleum Co., 124 Tex. 456, 78. S.W.(2d) 576 and Grayce Oil Co. et al. v. Peterson et al. (Tex.Sup.) 98 S.W.(2d) 781; Glenn, Receiver v. McCarty (Tex. Sup.) 107 S.W.(2d) 363; Casualty Reciprocal Exchange v. Dawson (Tex.Com.App.) 107 S.W.(2d) 994.

The writ having been inadvertently granted, defendant in error's motion to set aside the order granting same, and to dismiss the application, is granted.

Opinion adopted by the Supreme Court.

### JOHNSON et al. v. MOSS et al.
### No. 1668.

Court of Civil Appeals of Texas. Eastland..

June 11, 1937.

Rehearing Denied Sept. 10, 1937.

Clint & Eades, of Dallas, for plaintiffs in error.

Angus G. Wynne, of Longview, and Olga Herrmann Lapin, of Kilgore, for defendants in error.

GRISSOM, Justice.

Plaintiffs, Eliza Johnson and others, on July 11, 1935, instituted this suit in trespass to try title against Harry S. Moss, Ida Waldon and husband, Alec Waldon, and Magnolia Petroleum Company, as defendants. Among the plaintiffs were Bob and John Hughes and Frank Leath, who sued by next friend, it being alleged that each of said plaintiffs were insane. The named defendants, being served with citation, filed their respective answers. Thereafter, plaintiffs filed an amended petition in which they made additional parties defendants; said additional parties had not been served with process, nor had they entered their appearance at the time of the proceedings hereinafter discussed. Plaintiffs had demanded a jury and paid a jury fee. On October 23, 1936, the case was called for trial. Prior to the time the case was called for trial, the defendants Ida Waldon and husband filed their amended answer and cross-action in trespass to try title against all the plaintiffs. After the filing of said cross-action, plain-, tiffs filed and urged a motion for continuance, said continuance being requested solely for the purpose of making additional parties defendants. The motion for continuance was overruled, whereupon the plaintiffs took a nonsuit. A jury was then impaneled and the cause proceeded for trial upon the cross-action of the original defendants, Ida Waldon and husband. At the conclusion of the evidence, the court instructed a verdict for Ida Waldon and husband against all of the original plaintiffs, and the jury returned its verdict in accordance with such instruction. Upon said verdict the court rendered and entered its judgment in favor of the original defendants Ida Waldon and husband, George Waldon, against all the original plaintiffs for the title and possession of the property in controversy.

Thereafter, upon motion of the cross-plaintiffs, Ida Waldon and husband, the court entered a "corrected" judgment in which judgment the cross-defendants Bob and John Hughes and Frank Leath (who in plaintiffs' original petition were alleged to be insane persons) were, upon cross-plaintiffs' request, dismissed from said suit and, with said cross-defendants eliminated, the so-called "corrected" judgment was rendered against all other cross-defendants as in the original judgment, from which "corrected" judgment cross-defendants have appealed.

█ The cross-defendants, by applying for a continuance after cross-plaintiffs had filed their cross-action in trespass to try title against them, entered "their appearance thereto and gave the court jurisdiction over them as to the cross-action as fully as would the issuance and service of citation there-

on." McElyea v. Parker, 125 Tex. 225, 81 S.W.(2d) 649, 652.

Said cross-defendants (plaintiffs in error here) by numerous assignments of error contend that the court erred in overruling their motion for continuance. Partition not being asked in the petition, it is not shown that the desired additional parties defendant were necessary parties to either plaintiffs' suit in trespass to try title, or to the said defendants' cross-action and the court did not err in overruling the motion for a continuance. Heirs of Tevis v. Armstrong et al., 71 Tex. 59, 9 S.W. 134; Sciraffa v. Flores (Tex.Civ.App.) 274 S.W. 260 (writ dis.). Furthermore, we think that one who files a motion for a continuance and upon its being overruled takes a nonsuit thereby waives any right to complain of the overruling of his motion for continuance.

In our original opinion we reversed the judgment of the trial court because we held that the entry of the "corrected" judgment dismissing the three plaintiffs, alleged in plaintiffs' petition to be insane and bringing suit by their next friend, was not in accord with the provisions of article 2211, Vernon's Ann.Civ.St. requiring the judgment to conform to the verdict. We are of the opinion that we were in error in so concluding, and for such reason reversing the judgment.

The insane plaintiffs dismissed from the cross-action brought suit by next friend. It has been held that a minor cannot appear by next friend or guardian ad litem and waive issuance and service of process. Wright v. Jones (Tex.Com.App.) 52 S.W. (2d) 247. Every reason for the rule would seem to apply in case of an insane person. This was a directed verdict.

Our Supreme Court in Forbes v. Davis, 18 Tex. 268, 274, held that the plaintiff had the right to discontinue as to defendants not cited and that it was not material whether such defendants were dismissed from the suit before or after verdict. If the defendants here dismissed were not cited and could not waive citation by appearance by next friend to make application for continuance after the filing of the cross-action, then, as to them, the court rendered the only judgment possible; that is, one of dismissal. The cross-defendants dismissed were not necessary parties; their dismissal could not prejudice the rights of their cocross-defendants. The dismissed cross-defendants cannot complain that judgment was not taken against them and the remaining cross-defendants, not being injured thereby, have no right to complain.

The court's action in dismissing as to said cross-defendants and entering judgment against the remaining cross-defendants is supported by Forbes v. Davis, supra, and the following authorities: American Surety Co. v. Sheerin (Tex.Civ.App.) 203 S.W. 1120, 1123; Miller v. Sullivan, 89 Tex. 480, 35 S.W. 362; Texas & P. Ry. Co. v. Sheftall (C.C.A.) 133 F. 722, 724; Shannon v. Childers (Tex.Civ.App.) 202 S.W. 1030, 1032 (writ ref.); Bute v. Brainerd, 93 Tex. 137, 139, 53 S.W. 1017; Halliday et al. v. Crews et al. (Tex.Civ.App.) 237 S.W. 600 (writ dis.); Austin & Clapp v. Jordan, 5 Tex. 130; Ellis v. Park, 8 Tex. 205; Cook v. Phillips, 18 Tex. 31; Riddle v. Turner, 52 Tex. 145; Butner v. Norwood (Tex.Civ. App.) 81 S.W. 78; 15 Tex.Jur. § 17, p. 256 et seq.

The original opinion is withdrawn. The motion for rehearing is granted, and the judgment of the district court is affirmed.