INTERNATIONAL HARVESTER COMPANY, ET AL, V.
S. L. STEDMAN ET AL.

No. A-7171. Decided May 20, 1959.
Rehearing overruled June 17, 1959.
(324 S.W. 2d Series 543)

*Thomas J. Hightower,* of Liberty, for L. M. Fawcett, *Bryan, Suhr & Bering* and *James P. Bailey,* of Houston, for L. L. Karli and International Harvester Co., petitioners.

The Court of Civil Appeals errer in holding that upon plaintiff's failure to controvert defendant Karli's plea of privilege the trial court was required as a matter of law to transfer the case as to all parties to Angelina County. Tunstil v. Scott, 138 Texas 425, 160 S.W. 2d 65; Comer v. Brown, 285 S.W. 307; Miller v. Sullivan, 89 Texas 480, 35 S.W. 362.

*Hill, Lowry, Lee & Koster* and *Billy E. Lee,* all of Houston, for respondents.

The Supreme Court does not have jurisdiction of this case. Atlas Roofing Co. v. Hall, 150 Texas 611, 245 S.W. 2d 477; Commonwealth Bank & Trust Co. v. Heid Bros. 122 Texas 56, 52 S.W. 2d 74; Stockyard Natl. Bank v. Maples, 127 Texas 633, 95 S.W. 2d 1300.

MR. JUSTICE WALKER delivered the opinion of the Court.

The controlling question in this venue case as it reached the Court of Civil Appeals was whether the trial court, after sustaining the plea of privilege of one defendant, erred in refusing to transfer the entire cause to county of residence of such defendant. S. L. Stedman and James A. Miller, respondents, filed suit in Liberty County against International Harvester Co., L. M. Fawcett and L. L. Karli, petitioners, to recover damages for false representations and the breach of warranties, covenants and agreements alleged to have been made by petitioners in connection with the sale of a hay baler to respondents. International Harvester and Fawcett, the latter of whom is alleged to reside in Liberty County, answered on the merits, but Karli filed a plea of privelege to be sued in Angelina County, where he resides. Respondents did not controvert the plea of privilege but filed their written consent for the case to be transferred to Angelina County. International Harvester and Fawcett insisted that the action in so far as it concerns them should remain in Liberty County. The trial court ordered the case transferred only as to Karli, but the Court of Civil Appeals reversed

and directed that the entire cause be transferred to Angelina County. 319 S.W. 2d 791.

When the application for writ of error was granted, it was our tentative view that the trial court had entered a proper order and that the case fell within the jurisdiction of the Supreme Court. Upon further consideration, however, it is our opinion that we were mistaken in the latter conclusion, and the application for writ of error will now be dismissed for want of jurisdiction.

■ Under the provisions of Articles 1728 and 1821, Vernon's Ann. Texas Civ. Stat., our appellate jurisdiction over interlocutory orders such as the one involved here is limited to cases in which the judges of the Court of Civil Appeals disagree upon a question of law material to the decision, or in which the holding of the Court of Civil Appeals on a question of law conflicts with a prior decision of another Court of Civil Appeals or of this Court. See State v. Wynn, 157 Texas 200, 301 S.W. 2d 76, and authorities cited therein. The judges of the Court of Civil Appeals did not disagree in this case, and our jurisdiction, if it exists at all, must rest upon conflict as provided in Subdivision 2 or Article 1728.

■ Petitioners say that the holding of the Court of Civil Appeals in this case conflicts with the following decisions: Comer v. Brown, Com. App., 285 S.W. 307; Tunstill v. Scott, 138 Texas 425, 160 S.W. 2d 65; Kelley v. Central Texas Bus Lines, Texas Civ. App., 252 S.W. 2d 62 (no writ); Standard Accident Ins. Co. v. Pennsylvania Car Co., Texas Civ. App., 15 S.W. 2d 1081 (no writ); Winter v. Hamilton, Texas Civ. App., 214 S.W. 2d 330 (no writ); and Johnson v. First National Bank of Brenham, Texas. Civ. App., 42 S.W. 2d 870 (no writ). Our opinion in the Tunstill case points out that the established rule as to transferring a cause when the plea of privilege of one of several defendants is sustained was stated in Johnson v. First National Bank of Brenham, supra, as follows:

"The rule seems to be that, where one of several defendants files a plea of privilege to be sued in the county of his residence, and the plea is sustained, if the cause of action is a joint action growing out of joint liability of all the defendants, the suit must be transferred as an entirety to the county of the residence of the defendant whose plea is sustained. On the other hand, if the cause of action against the several defendants is severable, or joint and several, the court should retain jurisdiction over

the action in so far as it concerns the defendants whose pleas of privilege have not been sustained, and should transfer the suit in so far as it concerns the defendant whose pleas is sustained."

In holding that the present case must be transferred as an entirety to Angelina County, the Court of Civil Appeals reasoned: (1) that if the allegations of the petition are sustained, respondents will be entitled to a joint judgment against International Harvester and Fawcett or against Karli and Fawcett, and that such a judgment cannot be obtained unless the defendants whose liability is established are parties to the proceedings; and (2) that a transfer of the cause as to Karli only would violate the rule forbidding a multiplicity of suits. The decisions cited above demonstrate that a suit is not necessarily a "joint action growing out of joint liability" simply because the plaintiff might be awarded a judgment against the defendants jointly if all remained parties to the same proceeding, and that the avoidance of a multiplicity of suits is not always a consideration in determining whether the entire cause must be transferred when the plea of privilege of one defendant is sustained.

■ It is well settled, however, that for this Court to have jurisdiction under Subdivision 2 of Article 1728, the conflict must be such that one decision would operate to overrule the other in case they were both decided by the same court. As stated in Garrity v. Rainey, 112 Texas 369, 247 S.W. 825, "An apparent inconsistency in the principles announced, or in the application of recognized principles, is not sufficient. The rulings must be so far upon the same state of facts that the decision of one case is necessarily conclusive of the decision in the other. In other words, the rulings alleged to be in conflict must be upon the same question, and, unless this is so, there can be no conflict." See also West Disinfecting Co. v. Trustees of Crosby Ind. Sch. Dist., 135 Texas 492, 143 S.W. 2d 749; State v. Wynn, supra.

Comer v. Brown, supra, recognizes that a suit against an unincorporated joint stock company and its individual stockholders for the recovery of partnership debts is severable and that the court does not lose jurisdiction of the action against the defendants properly before it when the pleas of privilege of other defendants are sustained. In so far as they are pertinent here on the question of conflict, the Tunstill, Kelley, Standard Accident Insurance Company and Winter cases were tort actions for the recovery of damages, and in each instance it

was held that the action was severable, or joint and several, within the meaning of the rule mentioned above. Johnson v. First National Bank of Brenham, supra, holds that a suit to recover on a note and foreclose a chattel mortgage is severable as to defendants who did not execute the note and mortgage but were alleged to be claiming an interest in the mortgaged property.

If this were simply a tort action to recover damages for which the defendants are jointly and severally liable, or a suit on a partnership obligation or to foreclose a lien on personal property in which Karli merely claims an interest, the conflict and our jurisdiction would be clear. Respondents do seek a recovery in tort for fraud, but they also sue for breach of a contract which the petition alleges, at least in the alternative, was made by the three petitioners jointly. The cases cited above are not, of course, conclusive that an action for breach of a joint contractural undertaking is severable as to the defendants when the plea of privilege of one is sustained, and they do not hold that a suit should be transferred only as to the defendant whose plea is sustained if at least one of the causes of action alleged is severable or joint and several. On the contract phase of the case, petitioners cite Miller v. Sullivan, 89 Texas 480, 35 S.W. 362, which holds that under the provisions of Article 1986, Vernon's Ann. Texas Civ. Stat., one or more of the parties liable on a joint contract may be sued without joining all. We also note that in Bute v. Brainerd, 93 Texas 137, 53 S.W. 1017, it was held that the judgment in such a suit does not bar the right to recover later against the other joint obligors. Logically it would seem to follow that an action for breach of a joint contract is governed by the second part of the rule quoted above, but that question was not decided by any of the cases cited in the application for writ of error.

The order granting the application for writ of error is set aside as having been improvidently granted, and the application is dismissed for want of jurisdiction.

Opinion delivered May 20, 1959.

Rehearing overruled June 17, 1959.